JOHN C. MORRISSEY ET AL., PLAINTIFFS IN ERROR, V. ANTON SCHINDLER, DEFENDANT IN ERROR.

1.  **Trial:** DISMISSAL OF ACTION AS TO ONE DEFENDANT DURING TRIAL.   The action was brought against the appellants and the Burlington & Missouri River Railroad Company in Nebraska as defendants.   Pending the trial plaintiff asked and obtained leave of the court to dismiss his case as to the railroad company, with costs; *Held*, No error, and that the trial was properly allowed to proceed as against the remaining defendants, plaintiffs in error, without re-empaneling or reswearing the jury, although the answer of defendants contained a paragraph in the nature of a plea in abatement for the misjoinder of the railroad company as a party defendant.

2.  ————: ————: EVIDENCE.   The contract set out in the pleading was properly admitted in evidence against the remaining defendants after the dismissal of the cause as against the railroad company, although the said railroad company was not a party to said contract.

3.  Petition Against Partnership.   The defendants, Morrissey Brothers, being described in the petition as "John C. Morrissey and Michael Morrissey, doing business under the name and style of Morrissey Brothers," they were sued as a firm to all intents and purposes.

4.  **Contract:** PAROL EVIDENCE OF MODIFICATION. It is competent to prove by parol a change or modification in the terms of a written contract made by the parties to such contract at a time subsequent to the execution thereof. And the consideration for the contract may be a sufficient consideration for such change or modification.

5.  **Work and Labor:** EVIDENCE IN CASE STATED. Under the peculiar facts and circumstances of the case at bar; *Held,* That the evidence which tended to prove plaintiff's claim for extra compensation for performing the work set out in the petition tended also to disprove and controvert defendants' counter-claim for damages alleged to have been sustained by them by reason of said work not having been performed in accordance with the terms of the original contract.

6.  *Action for Work and Labor:* VERDICT SUSTAINED. Action brought by defendant in error against "John C. Morrissey and Michael Morrissey, doing business under the name and style of Morrissey Brothers, and the Burlington and Missouri River Railroad Company in Nebraska," for labor and mechanical skill in the erection of certain elevator buildings under a certain written contract, and for certain extras and expenses claimed under an alleged modification of the terms of said contract. The verdict, as follows:

"Anton Schindler, | In district court Nebraska.
vs. | Verdict for plaintiff.
Morrissey Brothers, et al. |

"We, the jury duly empaneled and sworn in the above entitled cause and to try the issues joined therein, do find for the plaintiff, and assess his damages at the sum of three hundred and fifty dollars."                   [Signed by the foreman.]

Sustained both as to form and substance.

ERROR to the district court for Cass county. Tried below before POUND, J.

*Crites & Ramsey,* for plaintiff in error, cited: 1 Tidd's Pr., 641. *Myers v. Erwin,* 20 Ohio, 382. *Alling v. Sheldon,* 16 Conn., 436. *Sweet v. Tuttle,* 14 N. Y., 465. *Manahan v. Gibbons,* 19 Johns., 427. *Detroit v. Houghton,* 42 Mich., 459. *Williams v. State,* 6 Neb., 334. *Miller v. Jewett,* 5 Pac. Rep., 652. *Stearns v. Barnet,* 2 Mason, 173. *Ross v. Austill,* 2 Cal., 183.

43

*M. A. Hartigan,* for defendants in error, cited : Puter-baugh's Practice, 144.    2 Broom & Hadley's Blackstone, 253.    4 Kan., 37.    9 Id., 104.    15 Id., 495.    33 Mich., 243.    34 Id., 4.

COBB, CH. J.

This action was brought in the district court of Cass county by Anton Schindler, plaintiff, against John C. Morrissey and Michael Morrissey, doing business under the name and style of Morrissey Brothers, and the Burlington and Missouri River Railroad Company in Nebraska, defendants.    The action is brought on a written contract for the erection of certain grain elevators by the plaintiff for the defendants.    Also claiming, in addition to the contract price for the erection of said elevators, an amount for extra work rendered necessary by reason of changes of the plans of said buildings after the execution of the said contract.

The defendants Morrissey Brothers answered, making a general denial of the allegations of the petition, and especially denying any contract or liability jointly with their co-defendant the Burlington and Missouri River Railroad Company in Nebraska.    As a second answer and defense to the said petition the defendants alleged the making and executing of a contract in writing between themselves, in their firm name of Morrissey Brothers, and the plaintiff, a copy of which contract is attached to the said answer, and is the same as that mentioned in the petition of the plaintiff.    In their said answer the defendants "aver that neither at the time of the execution of the said contract or subsequently did the said defendant railroad company have any interest whatever in said contract or in the subject matter thereof, which said contract these answering defendants aver the said plaintiff is now seeking to enforce in this action as the joint contract of these answering defendants and said defendant railroad company with said plain-

tiff, wherefore these answering defendants aver that there is a misjoinder of causes of action herein, and also an improper joinder of defendants herein." The said defendants then, as a third defense, set out at length the making of the said contract by the plaintiff with them for the furnishing of the necessary labor and mechanical skill and the erection and completion of nine grain elevators at different points along the line of the road of said defendant company, according to the terms and specifications of said written contract, for which work, when fully performed and finished according to the terms of said contract, the answering defendants were to pay the plaintiff the sum of fifteen hundred and fifty dollars. That after the performance of part of said work, and on or about the first day of September, 1882, the said plaintiff, without any just cause, abandoned the same and discontinued the work on said grain elevator buildings, and has never since completed the same, though often requested. That during the part performance of said work the said defendants from time to time paid the said plaintiff on account of said work and contract the sum of seventeen hundred dollars, at his request, etc. Defendants further aver that certain of said buildings were not built and finished in accordance with the said contract, and specify what ones and in what respects the same fail to comply with the terms of the said contract, to the loss and damage of the said defendants over and above the services rendered by the plaintiff in the sum of one thousand seven hundred and thirty-eight dollars.

There are also two more defenses plead by defendants, but they are substantially repetitions of the third defense. The answer concludes with a prayer for judgment against the plaintiff in the sum of three thousand dollars and costs. The plaintiff filed his reply denying all allegations of new matter contained in said answer, and alleging "That the defendants received and accepted said elevators with-

out claim of rebate, damages, or fault in particular. That they never made any claim of damages until the filing of the answer in this cause," etc.

The cause was tried to a jury. The record contains the following journal entry : " Pending which testimony the plaintiff dismissed said railroad company out of court, with costs. The court permits the same to be done and ordered the trial to proceed against the remaining defendants by themselves. To which ruling and order they each duly object and except."

Upon the consent of parties in open court the court delivered an oral charge to the jury, and no written instructions.

The jury returned their verdict for the plaintiff in the sum of three hundred and fifty dollars.

Upon the denial of a new trial by the district court the cause is brought to this court on error.

Thirty-nine errors are assigned. They are not all insisted upon by counsel in the brief; the more important of those which are, will be examined and disposed of in their order.

"1.    The district court erred in allowing said defendant in error to dismiss out of court the Burlington and Missouri River Railroad Company in Nebraska, a defendant named in his petition, after a plea in abatement for a misjoinder of parties defendant and causes of action had been pleaded as a defense to said petition and an issue joined on said plea in abatement, and after a jury had been empaneled and sworn to try the issues joined in the pleadings therein," etc.

It is quite obvious, upon an examination of the record, that the railroad company should not have been joined as a defendant, but under the strict rules of the common law it was unnecessary for the defendants to plead such misjoinder in abatement. A plaintiff having sued several defendants in an action *ex contractu*, must in general have

recovered against them all or be non-suited upon the trial. See Chitty's Pleadings, Vol. 1, 51. But all of this is changed by the Code, and it may be said that the necessity for a reform in the system of practice which resulted in the new system of pleading and practice in New York and other states, including our own, was more sharply illustrated in the provision of the common law above stated than in any other.

Section 429 of the Code provides that, "Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants. It may determine the ultimate rights of the parties on either side as between themselves, and it may grant to the defendant any affirmative relief to which he may be entitled. In an action against several defendants the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others whenever a several judgment may be proper," etc. It will therefore be readily seen that no defense on the part of "the answering defendants" could be predicated upon the misjoinder of the railroad company as a party defendant.

The above also applies to the second error assigned, which is, that "The court erred in proceeding to a trial of the issues joined between said defendant in error and these plaintiffs in error after said railroad company had been dismissed out of court without empaneling another jury and swearing them to try the issues mentioned in this assignment of error against the objection and exception of these plaintiffs in error." In this I do not think the court erred, but on the contrary, to have done otherwise would have been to sacrifice substance to form, to increase expense, and cause unnecessary delay; three things to be avoided.

Under this head also, the plaintiffs in error in their brief claim that, "The court erred in admitting in evidence

plaintiff's exhibit 'A,' it being the contract for the erection of these elevators in question, because it was not the joint contract of all of these defendants, and because it appeared on its face to have been executed by Schindler and the firm of Morrissey Brothers, under their firm name, the existence of no firm having been alleged in the petition."

It does not appear from the record whether the exhibit referred to was introduced before or after the dismissal of the case as against the railroad company. If afterwards, then certainly it was no objection to its introduction, that under the former or original condition of the pleadings it may not have been admissible. If before then, though probably not admissible, the error of its admission, if any, was cured by the elimination from the record of the name of the party whose presence there rendered its admission objectionable. As to the latter clause of the objection, it is deemed sufficient to say that in the title of the petition the defendants are described as " John C. Morrissey and Michael Morrissey, doing business under the name and style of Morrissey Brothers," etc. So that the defendants were sued as a firm although the word "firm" may not have been used.

" 3. The court erred in allowing defendants in error to ask questions numbered in the bill of exceptions as follows," etc. The first group of questions objected to under this head is set out in the bill of exceptions as follows: But that it may be understood I will commence a few questions and answers back of those objected to — the plaintiff as a witness in his own behalf being examined in chief.

Q. 52. I will ask you to state if the contract was changed or modified between you and the Morrisseys?

A. Yes, sir.

Q. By Crites, counsel for defendants: Was the change in writing?

A. No.

Q.  Was that all the writing that you made in the contract?

A.  Yes, sir.

Q.  By the court : Changed by talk?

A.  Yes, sir.

Q.  You may state what change was made in regard to the size of the buildings?

A.  The first time it was 24x24 and 20x20, being all 24x24.

Q.  All there was said, if anything, and what change if any made in regard to your lost time, going to Plattsmouth and back, and your railroad fare?

Q.  By the court : Was there any such a change made about the transportation?

A.  Yes.

Q.  By the court : Was that in writing? ˙

A.  No, sir.  Just the same way ; I told him I had to come here twice a week.  [*Crites objects.  Incompetent, immaterial, and irrelevant.  Overruled and exception.*]  I had buildings here, Goos', etc.  I had to attend to them, and he said sure we will let you in here twice a week and pay what it costs you.  I told him we had more trouble on that elevator ; he said, I don't want you to lose in there ; he said I will pay you every cent that you lose on those buildings.  I could not say whether it would cost more, but he said I don't want you to lose any.

*Crites objects* to this testimony.  Incompetent, immaterial, and irrelevant, tending to change and alter a written contract without consideration, and I move to strike it out.  Motion overruled and exception.

Q.  State what was the value of your time and fare coming from Waco to Plattsmouth?

Crites makes the same objection.  Overruled and exception.

A.  I guess it was about seven dollars.  Six ninety-five or seven dollars I paid.

It is deemed sufficient to say of these objections, that it is believed to be the law as now settled, and in the absence of authorities to the contrary it will be so held, that it is competent to prove by oral testimony a change in or a modification of a written contract made subsequent to its execution, and that in a proper case such change or modification may rest upon the consideration upon which the original contract is based.

It is not deemed necessary to go over the other points raised in the brief on the reception and rejection of testimony, as none of them are deemed to be of controlling importance in the case.

4. Upon consent of parties the court instructed the jury orally. Consequently the charge is very lengthy and not separated into paragraphs or numbered. I will therefore only speak of the charge as a whole. Plaintiffs in error, in their brief, object to the charge on the ground that the court told the jury that they might consider the evidence before them tending to prove the plaintiff's items of extra work and expense under the head of lost time and car fare in traveling from point to point between the sites of the several elevators, and between any of them and Plattsmouth, the common base of operations and supplies. Now I think that there is sufficient in the petition as a foundation for the evidence introduced and admitted to prove these items; there certainly is evidence tending to prove them, that the time was lost and the expense incurred traveling on the cars; also tending to prove that defendants agreed to pay for it, consequently it became and was proper matter for the consideration of the jury.

There was also evidence tending to prove the defendants' counter-claim. This counter-claim is for damages alleged to have been sustained by the defendants by and on account of the failure and refusal of the plaintiff to erect and complete the elevators in question according to the original contract and the plans and specifications upon which

the same were based. Now it is not only alleged in the plaintiff's petition, but there is evidence tending to prove, that by mutual consent and agreement between the parties the original plans and specifications were in the main abandoned, and the elevators neither built by plaintiff or desired to be built by defendants in accordance therewith. The least that can be said of this evidence is, that it tends to disprove the defendants' counter-claim. Hence it, as well as the evidence tending on the other hand to prove the counter-claim, was, as I think, properly submitted to the jury by the charge of the court.

By the terms of the contract the plaintiff was to furnish the labor and mechanical skill for the construction of these elevators, the lumber and other material to be furnished by the defendants. On the subject of the defendants' claim for damages on account of the work not having been done in accordance with the contract, the court in the charge said: " In respect to any damages which may have occurred to the buildings in consequence of their not being erected according to the contract, I will say this, that for any defects in the buildings, any departure from the plans and specifications that have been occasioned through the plaintiffs' fault, in failing to erect them and do the business in a workmanlike manner, as the contract requires, he ought to be responsible, but for any defects in the buildings which have been occasioned in consequence of defective lumber, as to the kind of lumber which the defendants should have furnished, he should not be responsible. He was only bound to use such lumber as they furnished him, in a proper and judicious manner. The defendants furnished the lumber; he should be held only responsible for the proper use of the lumber furnished him. If he did do that and did the best he could under the circumstances, that is all that could justly be required of him." The exception of plaintiffs in error to this portion of the charge cannot be sustained.

Plaintiffs in error, in the brief, except to the form of the verdict, and particularly to the title, the same being "*Anton Schindler v. Morrissey Bros. et al.*" While I do not think that any caption or title at all was necessary to the validity of the verdict, yet one being used, I doubt that counsel could improve it. All the purpose which a title could serve in a verdict would be to identify it with the case. The true title of the case being "Anton Schindler v. John C. Morrissey and Michael Morrissey, doing business under the name and style of Morrissey Brothers, and The Burlington & Missouri River Railroad Company in Nebraska," it serves all purposes of identification and is quite within the practice to use the abreviated form here used. The title of the case was not changed by the dismissal of it as against the railroad company. As to the substantial part of the verdict, I think it correct. Counsel are in error when they speak of this as an action of debt on a written contract. It was an action for damages for a breach of contract, and a verdict for damages was correct.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.