(December 13, 1901.)

# BARDSLY v. BOISE IRRIGATION AND LAND COMPANY.

### [67 Pac. 428.]

COMPLAINT—STATUTORY REQUIREMENTS.—Under act providing for the appropriation and distribution of waters, approved February 25, 1899 (Sess. Laws 1899, p. 380), the complaint must state facts sufficient to show that the plaintiff has complied on his part with the requirements of said act before a canal company can be compelled to deliver water to him. *Held,* that the complaint does not state a cause of action.

REMEDY—MANDAMUS.—Where an applicant for water under the provisions of said act has performed all of the acts and things required thereby to be done, and performed by him, and the canal company has sufficient unsold water to supply applicant's demand, and refuses to do so, it may be compelled, by writ of mandate, to furnish such water.

(Syllabus by the court.)

APPEAL from District Court, Canyon County.

Griffith & Griffith and Martin & McElroy, for Appellant.

The issue has nothing to do with the prayer for relief; it is made by the affirmance and denial of some fact or facts, or by the denial of some legal proposition which is implied in the statement of facts. If the facts put in issue by the complaint and answer and established by the evidence entitles the party to any relief in the power of the court to give, although not demanded, it is the duty of the court to give it, and its power to do so is not conditioned upon the form of the prayer. (Bliss

on Code Pleading, 3d ed., secs. 159-171; Pomeroy's Code Remedies, sec. 580, p. 620; *Morse v. Swan,* 2 Mont. 306, 309; *Rollins v. Forbes,* 10 Cal. 299; *Althof v. Conheim,* 38 Cal. 230, 234, 99 Am. Dec. 363; *White v. Lyons,* 42 Cal. 279; *Grain v. Aldrich,* 38 Cal. 514, 99 Am. Dec. 423; *Nevada Co. etc. Canal Co. v. Kidd,* 37 Cal. 282; *Poett v. Stearns,* 28 Cal. 226; *Crosby v. Farmers' Bank,* 107 Mo. 436, 17 S. W. 1004; *Emery v. Rease,* 20 N. Y. 62; *Damon v. Leque,* 14 Wash. 253, 44 Pac. 261; *Walker v. Fleming,* 37 Kan. 171, 14 Pac. 470; *Davis v. Alvord,* 94 U. S. 546; *Bayles v. Kansas Pac. R. R. Co.,* 13 Colo. 181, 22 Pac. 341, 5 L. R. A. 480; *Cincinnati etc. R. R. Co. v. Washburn,* 25 Ind. 259; *Hale v. Omaha Nat. Bank,* 49 N. Y. 626; *Marriott v. Clise,* 12 Colo. 561, 12 Pac. 909; Long on Irrigation, 5, secs. 108, 115, 116, 129, 131; *Stocker v. Kirtley,* 6 Idaho, 795, 59 Pac. 891, at page 893; 6 Ency. of Pl. & Pr., p. 350, notes and cases; 16 Ency. of Pl. & Pr., pp. 783 and 792, notes and cases.) Under our constitution and laws, one who applies water to a beneficial use, whether carried in his own canal or that of another, is the owner of a water right—that is, real estate—and the right and title thereto will be established, protected and quieted in the same manner as other real estate. (Idaho Const., art. 15, secs. 4, 5; Long on Irrigation, secs. 108-117.) The canal company is a common carrier—"an intermediate agency existing for the purpose of aiding consumers in the exercise of their constitutional rights." (*Wyatt v. Larimer & Weld Irr. Co.,* 18 Colo. 298, 36 Am. St. Rep. 280, 33 Pac. 144, 150; *Clifford v. Larimer County Ditch Co.* (Ariz.), 11 Pac. 397.) *Mandamus* proceeding is not a proper proceeding to try title to property, "whether the property be the right to real estate, to an office, or to a franchise." (*Gregory v. Blanchard,* 98 Cal. 311, 33 Pac. 199; *Peregory v. Sellick,* 79 Cal. 568, 21 Pac. 966.)

W. E. Borah, for Respondent.

The plaintiff alleges he has land under the canal, and that there is sufficient water in the canal over and above any amount in use by others to supply plaintiff's wants, and that the land is in need of water. This is proper, in so far as it goes, but it

does not go far enough. The plaintiff is not entitled, under our statutes, to the use of water from the canal company until he tenders a reasonable, or at least some, compensation for the same or satisfactory security therefor. (Laws 1899, sec. 19, p. 382.) In addition to this, they would have to allege that the rate had been fixed and tender the amount of security. If the rate had been fixed, then the law provides for their remedy. (*Wilterding v. Green,* 4 Idaho, 773, 45 Pac. 134; *Farmers' Canal Co. v. White,* 5 Colo. App. 1, 31 Pac. 345.) So far as the facts disclosed by the record are concerned, the plaintiff has a plain, speedy and adequate remedy at law, not only for the reasons heretofore stated, but he wholly fails to allege insolvency or any fact which would invoke the equity powers of the court. (*Fulton etc. Ditch Co. v. Twombly,* 6 Colo. App. 554, 42 Pac. 253.)

SULLIVAN, J.—This action was brought by the appellant to obtain a decree confirming his right to receive nine-tenths of one cubic foot of water per second of time from that certain canal known as the "Ridenbaugh Canal," and owned by the respondent corporation, during the season of 1901, for the irrigation of certain land owned by appellant, and described in the complaint, and to enjoin the respondent from preventing appellant from receiving said amount of water, and to enjoin and restrain respondent from refusing to receive and number in its numerical order appellant's application for such water. The pleader sought to set forth two causes of action in the complaint, and the prayer is an unusual one. The first alleged cause of action alleges that the respondent is a corporation, and owns, controls, and operates said canal; that water is carried through the canal to consumers for the purpose of irrigating lands thereunder. The capacity of the canal is alleged, as well as the sufficiency of the supply of water; that appellant owns certain land under said canal, requiring irrigation; and that respondent refused, and still refuses, to accept the application of appellant for water for said land. The second alleged cause of action avers some additional facts, but for the purposes of this opinion it is not necessary to set them forth here. The

action was begun March 21, 1901. A demurrer was filed to the complaint on the ground that the same did not state a cause of action, and that the complaint disclosed that the appellant had a plain, speedy, and adequate remedy at law. The demurrer was sustained, and the appellant elected to stand on his complaint, and judgment of dismissal was entered. This appeal is. from the judgment.

Appellant assigns the order of the court sustaining the demurrer as error. Does the complaint state a cause of action? It alleges that plaintiff owns land under said canal that requires irrigation; that there is sufficient water in the canal, over and above the amount used by others, to supply plaintiff's needs; that on the twenty-fourth day of December, 1900, plaintiff duly made application to the respondent for the amount of water above stated for the purpose of irrigating his said land for the year 1901, and that he "offered to secure the payment of the same"; that respondent refused, and still refuses, to accept said application, and refused, and still refuses, to contract with appellant for said water. The allegations of the complaint are proper, so far as they go, but they stop short of stating a cause of action. Under our statute, not only a proper demand must be made, but reasonable compensation must be tendered therefor, or reasonable security given for the payment thereof. Section 19, page 382, of the Session Laws of 1899, which reads as follows: "Any person, company or corporation owning or controlling any canal or irrigation works for the distribution of water under a sale or rental thereof shall furnish water to any person or persons owning or controlling any land under such canal or irrigation works for the purpose of irrigating such land, or for domestic purposes, upon a proper demand being made and reasonable security being given for the payment thereof; provided, that no person, company or corporation shall contract to deliver more water than such person, company or corporation has a title to by reason of having complied with the laws in regard to the appropriation of the public waters of this state." The mere allegation that appellant offered to secure the payment of the same is not sufficient. The complaint does not allege that appellant is ready and willing to pay a reason-

able compensation for the water, or that he is ready and willing to give reasonable security for the payment of the same. The appellant, under the provisions of section 20 of said act, might notify the canal company that he would want water from said canal for the irrigation of his land during the succeeding season, and thus preserve a prior right against subsequent applicants; but before he could maintain a suit he must show that he not only had offered to, but was then ready and willing to, give the canal company reasonable security for the payment of the water rent. He must pay reasonable compensation for the water, or give reasonable security therefor, before the canal company can be compelled to deliver him water. One clause of the prayer of the complaint is that the plaintiff be enjoined from preventing him from receiving and taking water from said canal. By the allegations of the complaint the appellant has not brought himself within the provisions of the act approved February 25, 1899 (Sess. Laws 1899, p. 380). The appellant has mistaken his remedy. When an applicant for the use of water has complied with the provisions of said act, and the canal company has sufficient water to supply the same without depriving prior users of their rights, and refuses to do so, on proper application to the court, the company would, by writ of mandate, be compelled to deliver such water. But the complaint fails to state facts sufficient to entitle the appellant to the relief demanded, or to any relief whatever, and therefore fails to state a cause of action.

The judgment is affirmed, with costs in favor of respondent.

Quarles, C. J., and Stockslager, J., concur.

### ON REHEARING.

#### (January 25, 1902.)

Per CURIAM.—Appellant has filed a petition for rehearing, in which it is contended that this is a proprietary, and not a possessory, action—an action, brought under section 4 of article 15 of our state constitution, to confirm a right to rent water, and not an action to compel the delivery of water rented.

After a careful consideration of the petition for rehearing, we are inclined to adhere to the original opinion heretofore filed in this action. It is a well-settled rule of law and of practice that courts will not do idle things. As heretofore held in this case, the cause of action attempted to be pleaded in the complaint is premature, for the reason that security was not tendered to cover the compensation for the water to be used by appellant for the year 1901. To entitle the appellant to such water, he must, as held in the original opinion, comply with the terms of the statute as to payment or security for compensation to the irrigation company. His right of action could not be maintained until such compensation, or security therefor, should be tendered. Courts do not entertain actions to decide in the advance of contingencies the rights of parties which will accrue after the happening of such contingency, but will relegate the parties to await the happening of such contingency. The section of the constitution cited reads as follows: "Whenever any waters have been, or shall be, appropriated or used for agricultural purposes, under a sale, rental, or distribution thereof, such sale, rental, or distribution shall be deemed an exclusive dedication to such use; and whenever such waters so dedicated shall have once been sold, rented, or distributed to any person who has settled upon or improved land for agricultural purposes with the view of receiving the benefit of such water under such dedication, such person, his heirs, executors, administrators, successors, or assigns, shall not thereafter, without his consent, be deprived of the annual use of the same, when needed for domestic purposes, or to irrigate the land so settled upon or improved, upon payment therefor, and compliance with such equitable terms and conditions as to the quantity used and times of use, as may be prescribed by law." This constitutional provision secures to everyone who has rented water from the owner of a canal for the purposes mentioned in the said section of the constitution the right to rent from year to year, and makes the act of such rental a dedication. The right of a party, therefore, to water for each year, depends upon the user's complying with the statute as to payment of compensation, or tender of security therefor; and until such compensation, or security there-

for, is actually tendered to the owner of such irrigation canal or works, no action has accrued of which the courts will take cognizance. As to the different actions that may or may not arise between the owners of canals or irrigation works and the patrons thereof, we have nothing to do in this action. It is sufficient to say that the complaint does not show a cause of action in favor of the plaintiff, for the reasons heretofore stated.

A rehearing is denied.