(March 26, 1920.)

M. A. PARROTT, Respondent, v. TWIN FALLS SALMON RIVER LAND & WATER COMPANY, a Corporation, and SALMON RIVER CANAL COMPANY, a Corporation, Appellants.

[188 Pac. 451.]

PLEADING AND PRACTICE—MISJOINDER OF PARTIES DEFENDANT—WATER AND WATERCOURSES—MAINTENANCE ASSESSMENT—NONPAYMENT.

1.  In an action upon contract against two or more defendants, an allegation in the answer in the nature of a plea in abatement that the defendants are not jointly liable, presents an immaterial issue.

2. A provision in a contract between a Carey Act construction company and a purchaser of water to be delivered from the irrigation system to be constructed by the company, to the effect that no water shall be delivered to the purchaser from said irrigation system while any instalment of principal and interest is due and unpaid from the purchaser to the company, or while any toll or assessment is due or unpaid from the purchaser, is invalid and void in so far as it provides for nondelivery of water on account of failure to pay principal and interest instalments upon the purchase price, or for nonpayment of tolls or maintenance assessments levied in preceding years. It is valid as applied to the payment of maintenance assessments for the current year.

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Action for damages for failure to deliver water. Judgment for plaintiff. *Reversed and remanded.*

Sweeley & Sweeley and Richards & Haga, for Appellants.

A contract providing payment of canal charges as a condition precedent to a proper demand for water will be upheld. (Secs. 5556, 5631, Comp. Stats.; *Adams v. Twin Falls-Oakley Land & Water Co.,* 29 Ida. 357, 161 Pac. 322; *Jackson v. Indian Creek etc. Irr. Co.,* 16 Ida. 430, 101 Pac. 814.)

W. P. Guthrie, for Respondent.

Refusal to deliver water cannot be predicated upon failure to pay delinquent instalments on water contract or delinquent canal charges. Such failure cannot be construed as a defense in this action. (*Adams v. Twin Falls-Oakley Land & Water Co.,* 29 Ida. 357, 161 Pac. 322.)

After notice given pursuant to statute that water is ready for delivery, it is the duty of the company to furnish the water, and it is liable for resulting damages if it fails so to do. (*Hanes v. Idaho Irr. Co., Ltd.,* 21 Ida. 512, 122 Pac. 859.)

RICE, J.—The respondent, a Carey Act settler, instituted this action against appellant corporations, the Twin Falls

Salmon River Land & Water Company, a Carey Act construction company, hereafter referred to as the construction company, and the Salmon River Canal Company, hereafter called the operating company, organized for the purpose of operating the irrigation works to be constructed by the construction company as provided for in the contract between the state and the construction company. Damages are claimed for failure to deliver water during the irrigation season of 1913 under the contract entered into between respondent and the construction company. Respondent was in default on the instalments of principal and interest of the purchase price of his water rights under his contract, and also as to the maintenance assessments for the years 1912 and 1913. At the beginning of the irrigation season of 1913, respondent demanded delivery of water to him, which was refused upon the ground that his principal and interest payments were in default, and also that the maintenance assessments for the years 1912 and 1913 had not been paid.

The first contention of appellants is that there was a misjoinder of parties defendant. The complaint of respondent alleged that "at all times herein mentioned the defendants have been and now are in possession, ownership and control of the said irrigation works and all thereof, and the defendant Twin Falls Salmon River Land and Water Company has been and is the owner in possession and control of a majority of the capital stock and shares of said Salmon River Canal Company, and in actual control thereof." The appellants pleaded specially that there was a misjoinder of parties defendant in the action, in that the defendants were not at any time during the year 1913 jointly in possession, operation or control of the irrigation works and canal system in question, and that at no time during the year was the construction company in possession or control thereof, and that it was not responsible for the running of the water in said system or for the refusal to deliver water to respondent; that the operating company during that year was in possession and control of the system.

This is an action upon contract. (See *Hanes v. Idaho Irr. Co.*, 21 Ida. 512, 122 Pac. 859.)

Under the common law, in an action upon a joint contract a plea that the defendants were not jointly liable was not permissible as a plea in abatement. (*Harris v. North*, 78 W. Va. 76, 88 S. E. 603, 1 A. L. R. 356; *Stafford v. Nutt*, 51 Ind. 535; *Morrissey v. Schindler*, 18 Neb. 672, 26 N. W. 476.) Its effect would be to raise an issue in bar of the action. Unless the plaintiff submitted proof showing joint liability of all defendants in the action, he could not recover, and the defendants were entitled to a nonsuit. The code system introduced a change in this respect. C. S., sec. 6827, provides:

"Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may, when the justice of the case requires it, determine the ultimate rights of parties on each side, as between themselves."

Under this section the action does not abate upon the failure of the plaintiff to make out a case of joint liability, but the defendants against whom liability is not shown should be dismissed from the action, and judgment rendered against the defendants who are shown to be liable. (*Fisk v. Henarie*, 14 Or. 29, 13 Pac. 193; *Morrissey v. Schindler, supra; Stafford v. Nutt, supra;* 1 Kerr's P. & P. in Western States, sec. 692.)

During the progress of the trial, appellants offered in evidence the records of the operating company, by which the maintenance charges and assessments were levied for the years 1912 and 1913. The court refused to permit this evidence to be introduced, basing its ruling on the objection urged by counsel for respondent to the effect that the irrigation works had not been transferred from the construction company to the operating company in accordance with the state contract. The ruling of the court in not permitting the 1913 assessment to be shown was error.

The contract between the state and the construction company contains the following provision:

"No charge shall be made to the purchaser for the delivery of water prior to the first day of January, 1911. For each succeeding year thereafter while the second party retains the control of the said Salmon River Canal Company, Limited, said company may charge and assess the purchasers of water rights in said irrigation system the sum of thirty-five cents per acre for each acre of land for which a water right has been purchased; said sum to be due and payable on the first day of March of each year. If the sum so raised shall be insufficient prior to January 1, 1913, for the purpose of maintaining, operating and keeping in repair said system and paying the expenses of the management thereof, the said second party will furnish the additional funds necessary to supply such deficiency. After said date, the actual cost of maintenance is to be paid by the settler."

The contract between respondent and the construction company provides:

"Said Salmon River Canal Company, Limited, is to have power to levy all necessary tolls, charges and assessments upon all users of water in proportion to their respective holdings of stock, whether water is used or not, and the company hereby agrees that no charges shall be made for the delivery of water from this date until after the first day of January, 1911, and that thereafter the annual charge of maintenance shall not, during the period prescribed in the State contract, exceed the sum of thirty-five cents for each and every acre, to be charged against the entire acreage entered irrespective of the irrigation thereof. The purchaser agrees to pay said charges at the office of the Salmon River Canal Company, Limited, on the first day of April of each year without notice."

By the foregoing provisions of the contracts in question, the operating company was invested with the power to levy the annual maintenance assessments. Its right to exercise this power was not dependent in any manner upon whether

or not it was rightly in possession and control of the irrigation system.

The sixth paragraph of the contract between respondent and the construction company is as follows:

"It is agreed that no water shall be delivered to the purchaser from said irrigation system while any instalment of principal or interest is due and unpaid from the purchaser to the company, or while any toll or assessment is due and unpaid from the purchaser to the Salmon River Canal Company, Limited."

That portion of this paragraph providing for nondelivery of water on account of failure to pay the principal and interest instalments on the contract between the settler and the construction company is illegal and void (*Adams v. Twin Falls-Oakley L. & W. Co.*, 29 Ida. 357, 161 Pac. 322); also the provision relative to nondelivery of water for nonpayment of tolls or assessments levied in preceding years. (*Shelby v. Farmers' Co-op. Ditch Co.*, 10 Ida. 723, 80 Pac. 222.)

A different question, however, is presented as to the right to refuse to deliver water to respondent for the year 1913 until he had paid or given security for the maintenance assessment for that year.

Art. 15, sec. 4, of the constitution, among other things, provides that whenever water has been dedicated to the use of a tract of land, the person entitled to receive the same shall not be deprived thereof upon his payment therefor and compliance with such equitable terms and conditions as to the quantity used and times of use as may be prescribed by law.

C. S., sec. 5556, contains the following:

" . . . . And the right to continue the use of any such water shall never be denied or prevented from any other cause than the failure on the part of the user thereof to pay the ordinary charges or assessments which may be made to cover the expenses for the delivery of such water."

C. S., sec. 5636, provides:

"Any person, company or corporation owning or controlling any canal or irrigation works for the distribution of water under a sale or rental thereof, shall furnish water to any person or persons owning or controlling any land under such canal or irrigation works for the purpose of irrigating such land or for domestic purposes, upon a proper demand being made and reasonable security being given for the payment thereof. . . . . "

In the case of *Bardsly v. Boise Irrigation & Land Co.,* 8 Ida. 155, 67 Pac. 428, it was held that one cannot compel delivery of water from a canal until a reasonable compensation for the use thereof has been tendered or reasonable security given for the payment thereof. The mere allegation that the party offered to secure payment of the same is not sufficient.

It is clear from the foregoing that the operating company had the power to levy the assessment for the year 1913, and that the delivery of water might be withheld until the assessment was paid or reasonable security given for the payment thereof.

The answer of appellants alleges:

"That at the beginning of the irrigation season of the year 1913, the plaintiff applied to the defendants for water to be delivered through said irrigation system for his use on the land described in his complaint and that defendants refused such request and application for the reason which was then stated to the plaintiff that he had not paid his canal charges against his said land which were then due and in default and had not made payment of principal and interest on his water contracts and the plaintiff was by the defendants informed that water would not be delivered until said charges and payments were paid."

Such refusal was based upon excessive demands. It may have excused an actual tender on the part of respondent of the amount of the 1913 assessment. It did not dispense with the necessity of a showing of ability and willingness on his part to pay or give security for the payment of the mainte-

nance charges for that year. Not only did respondent fail to make any such showing, but his position was that he declined to make any such payment or give security therefor, and that he was not obliged to do so as a condition precedent to his right to receive water.

It is contended by respondent that even if appellants might have required the payment of the assessment, they had waived their right to such payment by reason of the fact that they proceeded to deliver him water during all of 1913. But it was shown that such delivery was made in compliance with a temporary injunction in the nature of a mandatory injunction issued by the court at the instance of respondent. Obedience to an order of the court cannot be held to constitute a waiver.

By stipulation of counsel, appellants waived all questions as to whether the respondent was in fact damaged or as to the amount of his damages. The instructions of the court relative to the elements and measure of damages therefore will not be reviewed.

The judgment is reversed and the cause remanded for further proceedings. Costs awarded to appellants.

Morgan, C. J., concurs.

Budge, J., sat at the hearing but took no part in the decision.