(No. 5427. February 3, 1930.)

CORA M. OWEN, as Treasurer of Ada County, Idaho, etc., Respondent, v. NAMPA & MERIDIAN IRRIGATION DISTRICT, Appellant.

[285 Pac. 464.]

McElroy & Chalfant, for Appellant.

T. L. Martin and Scatterday & Stone, for Respondent.

SUTTON, District Judge.—The plaintiff and respondent, as treasurer of Ada county, state of Idaho, began this action on the relation of Water District 12–A of the State of Idaho, to recover from the defendant and appellant its proportion of the cost and expense of the distribution of the waters of Boise River for the year 1927. Plaintiff had judgment for $765.53 with interest at seven per cent from June 1, 1927; also $250.00 attorney fees and costs. From this judgment the defendant has appealed and has set up fourteen assignments of error. The sum and substance of the several assignments may be stated in two propositions:

1. That there is no Water District 12–A.

2. That the court erred in allowing attorney fees against the defendant.

The trial court found Water District 12–A to have been created by an order of the state engineer, and to be still existent, by its third finding of fact which is as follows:

"That Water District 12–A is, and since the 29th day of January, 1916, has been, a duly created, organized and existing water district within the counties of Ada, Canyon and Elmore; said water district having been created by order of the State Engineer of the State of Idaho (now Commissioner of Reclamation) on January 29, 1916."

The court further found in findings numbered 4 and 8, inclusive, that the water users of the Boise River met each and every year from 1916 to 1927, both inclusive, pursuant to due and legal notice at the time fixed by law at the place designated in the order creating said water district; that each of said annual meetings "fully complied with the law governing the holding of the meetings of the water users of water districts of this state, and at each of such meetings elected a chairman and secretary and elected a water-master, fixed his compensation, and otherwise performed the acts authorized by the statutes of the state relating to water districts." That copies of the minutes of the respective meetings were duly filed in the office of the commissioner of reclamation each and every year; that without exception the person elected as water-master by the water users entered upon the discharge of his duties and distributed the waters of Boise River for each of said years; that defendant and appellant was represented at and took an active part in each and every of said meetings except the one for the year 1927, at which meeting a representative of defendant was present but took no part in the proceedings; that defendant paid its proportion of the costs and expenses of said Water District 12–A for each of the years 1916 to 1926 inclusive.

It appears from the record that at the 1927 meeting it was determined to operate the water district under and be governed by the provisions of chap. 39, Sess. Laws 1927. The trial court in effect found that all provisions of that law had been complied with; that the amount due from defendant for the year 1927, according to the budget, was $940.33;

that the plaintiff, as treasurer of Ada county, duly mailed to the defendant a notice showing the amount due from said defendant and that said amount would be due and payable on the first day of June, 1927; that after the close of the irrigation season of 1927 and prior to the fifteenth day of November, 1927, the water-master prepared a complete report as required by said chap. 39, from which it appears the amount of costs and expenses apportioned against the defendant was $765.53; that defendant has failed and refuses to pay said amount or any part thereof; that it was necessary to employ counsel to enforce the payment of said charges; that $250 is a reasonable attorney fee.

The defendant attacks the findings with reference to the creation of the water district, the annual meetings and the proceedings thereat, not so much as to what was done or what the records and documents show but rather as to the legal effect. Appellant contends no water district was or could have been created because of the following provision found in sec. 5608, C. S.: *"Provided,* that this section shall not apply to streams or water supplies whose priorities of appropriation and use have not been adjudicated by the courts having jurisdiction thereof," and cites and relies principally upon the following authorities: *Marsters v. United States,* 236 Fed. 663, 149 C. C. A. 659; *Farmers' etc. Ditch Co. v. Riverside Irr. Dist.,* 16 Ida. 525, 102 Pac. 481, 484; *Nampa Meridian Irr. Dist. v. Bryan, District Judge* (writ of mandate issued September 2, 1926, by this court, but no opinion filed).

The case of *Farmers' etc. Ditch Co. v. Riverside Irr. Dist.,* is generally referred to and known as the Boise River priority suit or the Stewart Decree, and an examination of the reported case will disclose that the priorities and the extent of the several water rights were determined by the trial court in that case; that a new trial was ordered in the following language:

"A new trial will be granted for the sole and only purpose of determining the duty of water on the two classes of lands involved in this action, namely, bench lands and bottom lands."

That case was decided by this court in 1909. Thereafter and beginning with the year 1915 and each year thereafter to and including the year 1919, an order was made by Hon. Ed L. Bryan, the judge of the trial court, wherein the distribution of the waters of Boise River was provided for. The last of these orders is dated May 31, 1919, and, so far as is pertinent, is as follows:

"It is ordered that from and after the date hereof, until the further order of this court, all waters of Boise River shall be distributed as follows, to-wit: The various rights as adjudicated in the socalled Stewart Decree shall first be cut to 75 per cent of the amount of water decreed by the Stewart Decree as the natural flow of the waters of Boise River decreases, beginning with the latest rights and proceeding from the latest rights to the earliest rights in the order fixed in the said Stewart Decree, and after all of the rights shall have been reduced to 75 per cent of the amount fixed in the Stewart Decree, should the natural flow of the water in Boise River decrease below the amount necessary to supply said 75 per cent of the water rights as decreed in said Stewart Decree, then the various water rights beginning with the latest and proceeding to the earliest as aforesaid shall be reduced to 60 per cent of the amount specified in said Stewart Decree. Sixty per cent of the amount decreed in the Stewart Decree being hereby fixed and determined as the highest duty of water during the irrigation season of 1915."

The case of *Marsters v. United States, supra,* was decided prior to the orders of Judge Bryan just mentioned and therefore is not applicable and cannot be said to determine the present status of the Boise River waters as to whether or not they have been adjudicated.

An examination of the peremptory writ of mandate issued by this court to Judge Bryan on September 2, 1926, will disclose the only thing determined was that the district judge had jurisdiction to hear and determine an application to enforce the order made by him on May 31, 1919, being the order above quoted from. The question of whether or

not the waters of Boise River had been adjudicated was not decided by this court in that proceeding.

We are of the opinion the decision of this court in the case of *Farmers' etc. Ditch Co. v. Riverside Irr. Dist.,* 16 Ida. 525, 102 Pac. 481, together with the decree of the trial court in that case and the orders of Judge Bryan, while not a final adjudication in the sense of becoming *res adjudicata,* constitute an adjudication of the waters of Boise River within the meaning of sec. 5608, C. S., for the purpose of distribution. No particular steps are specified nor form prescribed by sec. 5608, C. S., to be taken or followed by the Department of Reclamation (state engineer) in creating or designating a water district.

We have examined Plaintiff's Exhibit "A" which was introduced in evidence over the objection of defendant. It is a certified copy of an instrument in the office of the commissioner of reclamation, the original of which is partly printed and partly typewritten. It is dated January 29, 1916, and bears the typewritten signature of the then state engineer and upon which there appears the designation of the water district by number, the description of the boundaries, the streams included, the counties in which located, and in which the voting place is fixed. And it appears from the record that it is in the same general form and condition as the orders creating the other water districts of the state. We are satisfied the exhibit was properly admitted in evidence, that it is a substantial compliance with sec. 5608, C. S. The court did not err in its finding numbered 3.

We therefore conclude that Water District 12–A is a legally constituted water district of the state of Idaho; that all of the water users therein, including appellant, are legally responsible for their proportionate share of the costs and expenses of the distribution and delivery of the waters of Boise River; that appellant's proportion of such costs and expenses for the year 1927 is correctly determined and is unpaid; that attorney fees were properly awarded plaintiff under chap. 39, Sess. Laws 1927, and the judgment appealed from should be affirmed.

 We are of the further opinion that even conceding the water district never to have been legally constituted, which we do not, appellant is not in a position to complain of the judgment of the trial court because it has been active at and participated in each of the annual meetings of the water users, casting the largest number of votes of any user for a period of eleven years, and has received the benefits of the orderly distribution of the waters of Boise River during all of that time; and it ought to be and is estopped to deny its liability for its proportionate share of the costs and expenses of the distribution of such water.

 It clearly appears from the record in this case that the real cause actuating appellant is the fact it feels wronged, injured and damaged by the action of the watermaster of Water District 12–A in diverting certain waters from the Boise River to certain drainage districts. This water, the water-master claims, is developed by said drainage districts; that is, that it is drainage water and not a part of the waters covered by the Stewart Decree or the several orders of Judge Bryan; and he further contends he is acting upon the orders of the district court of Ada county in handling this water. If it be true that the watermaster is wrongfully diverting waters of the Boise River in violation of the Stewart Decree or the orders of Judge Bryan, appellant undoubtedly can correct the abuse by an appropriate proceeding. But the question is foreign to this action and cannot be determined herein.

The judgment appealed from is affirmed with costs to respondent.

Givens, C. J., Budge and Lee; JJ., and Brinck, D. J., concur.

Petition for rehearing denied.