(No. 6213.   July 25, 1935.)

NAMPA & MERIDIAN IRRIGATION DISTRICT, Plaintiff, v. ADAM B. BARCLAY, Presiding Judge, WILLIAM E. WELSH, Water Master of Water District 12–A of the State of Idaho, DRAINAGE DISTRICT No. 4 OF ADA COUNTY, IDAHO, and the BOARD OF COMMISSIONERS OF DRAINAGE DISTRICT No. 4 OF ADA COUNTY, IDAHO, Consisting of GEORGE R. AMES, JOHN T. BARBER and JAMES KEENER, Commissioners, Defendants.

[47 Pac. (2d) 916.]

McElroy & Chalfant, for Plaintiff.

E. B. Smith, Frank T. Wyman, T. L. Martin, Laurel E. Elam, Charles F. Reddoch, Walter Griffiths, Bert H. Miller, Attorney General, and Leo M. Bresnahan, Assistant Attorney General, for Defendants.

AILSHIE, J.—Plaintiff, Nampa & Meridian Irrigation District, filed its petition in this court, praying for a writ of prohibition directed to Honorable Adam B. Barclay, presiding Judge of the Third Judicial District for Ada County, for the purpose of arresting further proceedings under an order made and entered by him in September, 1934, requiring plaintiff to serve and bring in as parties

defendant all the water users of Drainage District No. 4 of Ada County. The petition is predicated on the contention that the order made, upon which the court purposes to proceed, is in excess of and without the jurisdiction of the court. Defendants have demurred to the petition.

It appears that in October, 1933, plaintiff Nampa & Meridian Irrigation District filed its amended complaint in the District Court of Ada County against William E. Welsh, Water Master of Water District 12–A of the State of Idaho, Drainage District No. 4 of Ada County, Idaho, and the Board of Commissioners of Drainage District No. 4, consisting of George R. Ames, John T. Barber and James Keener, Commissioners. The essential allegations of the complaint, which are of importance here, are to the effect that the plaintiff has adjudicated water rights from the waters of Boise river: One for an appropriation of 8,500 inches dating from May 1, 1878, and designated as Allotment No. 67, under what is generally referred to as the Stewart Decree (*Farmers' Coop. Ditch Co. v. Nampa & Meridian Irr. Dist.*, 14 Ida. 450, 94 Pac. 761 and *Farmers' etc. Co. v. Nampa etc. Irr. Dist.*, 16 Ida. 525, 102 Pac. 481. See, also, *Owen v. Nampa & M. Irr. Dist.*, 48 Ida. 680, 285 Pac. 464), and the other for 18,542 inches, dating from August 20, 1888, and designated as Allotment No. 106, under the Stewart Decree; and that the plaintiff is and has been at all times since the entry of the said decree entitled to have the waters distributed to it in accordance therewith, subject only to certain diminutions in times of water shortage which have been taken care of by temporary decrees from time to time and which orders are not material for our present consideration.

It further appears that defendant Drainage District No. 4 is duly organized and operating under Chapter 25, comprising secs. 41–2501 to 41–2531, I. C. A., and that under the authority of sec. 41–2502 a considerable volume of water has been developed or made available through the works and operations of the drainage district, and that its commissioners have in conformity with the statute filed upon and

appropriated the waters created and made available by the construction of drains, drain ditches and canals and have apportioned and allocated such water to the property owners within the district in the proportion that their several assessments bear to the whole assessment within the district.

It is also alleged by the plaintiff that the water master (Welsh) has been delivering and threatens to continue to deliver approximately 700 inches from plaintiff's water allotment No. 106 to the drainage district; and that the drainage district was not a party to the Stewart Decree and *has no adjudicated water right.*

The contention of counsel for the drainage district, and the commissioners thereof, upon which the order here complained of was based, is in substance the same as the reasons given for making the order which are very succinctly and clearly set forth in Judge Barclay's order as follows:

"It is further hereby ordered that with respect to the motions of the defendants to require additional parties to be brought in and made parties to this action, that the amended complaint before me, in effect, alleges that defendant William E. Welsh, as Watermaster of Water District No. 12–A, is *unlawfully distributing seven hundred* (700) inches of water to the landowners within the boundaries of Drainage District No. 4 of Ada County, Idaho; that the answers of the defendants deny this and 'aver that the water in question has been developed or made available by said Drainage District No. 4, and is not the natural flow of Boise River; that said drainage district is a *quasi* municipal corporation organized and existing under the laws of the state of Idaho; that its commissioners pursuant to statutory authority filed upon the waters created or made available by the construction of the drains within said district, and thereafter apportioned and allocated said waters to the property owners within said district in the proportion that their several assessments bore to the whole assessments within the district and that such landowners for many years have been using such waters in the irrigation of their land, by virtue of the proceedings had and taken by said drainage

commissioners, thereby giving to them some color of title or claim of right to said drainage water, and the court is of the opinion that said landowners are necessary and indispensable parties to this action; that a complete determination of the controversy cannot be had without their presence; and by reason of such allegations and upon the whole record, the plaintiff is hereby ordered and directed to make such landowners and each of them, who have been allocated any of said water, or their successors in interest, parties defendant to this cause before proceeding further therewith.''

■ The issue with which we are here confronted is founded on an erroneous theory which has been advanced from time to time by counsel for some of the ditch and irrigation companies and water·users, to the effect that a water user who has acquired his right through ''sale, rental or distribution'' from a ditch or canal company or an irrigation or drainage district acquires the rights of an appropriator of the water and is entitled to the same consideration in all litigation involving the original appropriation to which the canal or ditch company or irrigation or drainage district is entitled. Such is not the law and it has never been so held or recognized in this state. The question was mooted in *Farmers' etc. D. Co. v. Nampa & Meridian Irr. Dist.*, 14 Ida. 450, 94 Pac. 761, 763, and this court said:

''The appropriation of waters carried in the ditch operated for sale, rental and distribution of waters does not belong to the water users, but rather to the ditch company. The right to the *use* of such water after having 'once been sold, rented or distributed to any person who has settled upon or improved land for agricultural purposes,' becomes a perpetual right subject to defeat only by failure to pay annual water rents and comply with the lawful requirements as to the conditions of the use. (Sec. 3, art. 15 of the Constitution; *Bardsley v. Boise Irr. & Land Co.*, 8 Ida. 155, 67 Pac. 428; *Wilterding v. Green*, 4 Ida. 773, 45 Pac. 134.) A decree in favor of a water user from such ditch could not relieve him from any constitutional or statutory requirements, nor could it put him in any better position or

condition than he already finds himself. His presence in the action is in no respect essential to the adjudication of the rights of the several appropriators from the stream itself. Any controversy he may have is with the ditch company from which he receives water or with other consumers under the ditch over the question of priority of use."

■ ■ In the case now before us, Drainage District No. 4 is admittedly the appropriator of the waters which the various land owners within the district are using and to which they have acquired their respective rights through apportionment by the commissioners and actual application to beneficial use. It must be remembered, however, that any question or issue as to the dates and amounts of these allotments and rights of use are issues peculiar to the consumers and the district. The consumers possess no water right which they can assert as against any other appropriator,—their rights are acquired from the district which is the appropriator and owner and it is the district's business to protect the appropriation and defend it in any litigation that arises. (*Yaden v. Gem Irr. Dist.*, 37 Ida. 300, 216 Pac. 250.) One who acquires the right to use water from an appropriator, whose right was initiated by appropriation under sec. 1, art. 15, "for sale, rental or distribution," is not the owner of the appropriation and does not acquire the rights of an appropriator but he simply acquires the rights of a *user and consumer,* as distributee of the water under secs. 4 and 5, art. 15, of the Constitution. His priority of contract is with the appropriator. The plea of adverse possession or user may be interposed by the district with as much efficacy as by the land owners.

■ Plaintiff in the present case commenced its action against the water master to obtain a writ requiring him to distribute the water in accordance with the decree adjudicating plaintiff's rights and it made the drainage district defendant because of the fact that it was the recipient of the water which it is alleged has been and is about to be diverted from plaintiff. No facts are alleged in these pleadings, either complaint or answer, that state any kind of a

cause of action against the land owners and water users of Drainage District No. 4. If brought into the case as defendants, these land owners and water users could present no defense except such as the drainage district can set up, nor could they litigate, in this case, their respective rental or distributive rights, either as to appropriation, dates of priorities or quantities of water used. All such issues would properly arise in an appropriate proceeding between the respective water users and the drainage district. Such an issue or controversy would in no way affect the plaintiff herein nor would it have any bearing upon the relief, if any, to which plaintiff would be entitled. That being true, the court acquired no jurisdiction to enter the order complained of.

The defendant water master is only an administrative officer and has no interest in the subject of the litigation,—his only duty is to distribute the waters of his district in accordance with the respective rights of appropriators,—adjudicated rights having preference over unadjudicated rights and appropriations. (Sec. 41–507, I. C. A.; *Daniels v. Adair*, 38 Ida. 130, 220 Pac. 107; *Big Wood Canal Co. v. Chapman*, 45 Ida. 380, 263 Pac. 45.) The district is a corporation organized under authority of the statute (chap. 25, title 41, I. C. A.), and is the owner of the appropriation; and the land owners in the district, for all practical purposes, sustain the same relation to the corporation that stockholders in a private corporation sustain to the corporation.

Lastly, it is contended by defendants that plaintiff has a plain and speedy remedy by appeal and that therefore the writ of prohibition will not lie. (*Little v. Broxon*, 31 Ida. 303, 170 Pac. 918.)

It is true that the order complained of may be reviewed on appeal; not by direct appeal for the reason that no direct appeal is granted from such an order (sec. 11–201, I. C. A.; *Weiser Irr. Dist. v. Middle Valley etc. Co.*, 28 Ida. 548, 155 Pac. 484); but it may be reviewed on appeal from the judgment after the case is finally tried on the merits.

When it is recalled that the order in question would probably entail bringing in a couple hundred defendants and require that many different answers and the consequent calling of multitudes of witnesses to sustain the issues tendered, and the consequent delay and expense all this would entail, it becomes at once apparent that the remedy thus afforded would not be an *adequate remedy, nor would it be speedy*. (*Cronan v. District Court,* 15 Ida. 184, 96 Pac. 768; *Spivey v. District Court,* 37 Ida. 774, 219 Pac. 203; *In re Hultner-Wallner,* 48 Ida. 507, 283 Pac. 42.) The importance to petitioner of having the writ issue now might not appear so grave, even in face of the foregoing circumstances of the case, were it not apparent from the face of the record before us that the bringing in of this army of alleged defendants would be a useless thing as hereinbefore indicated.

The demurrer will be overruled and the alternative writ heretofore issued will be made permanent. Costs to plaintiff.

Givens, C. J., and Budge and Holden, JJ., concur.

Morgan, J., deeming himself disqualified, did not sit at the hearing nor participate in the decision in this case.