SOUTH SIDE IRRIGATION COMPANY, APPELLANT, v. JOHN C. BROOKS, APPELLEE.

FILED DECEMBER 15, 1917. No. 19787.

1. **Waters:** IRRIGATION: MAINTENANCE FEE. Under the written contract granting a water right, described in the opinion, the defendant did not promise to pay a maintenance fee to the irrigation company before using the water and is not liable to the company on the contract for maintenance fees before he commences taking the water provided for.

2. **Irrigation Contract.** Whether such contract might be held to be discriminatory and void is not within the issues, and not decided.

APPEAL from the district court for Dawson county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*E. A. Cook* and *W. M. Cook,* for appellant.

*I. J. Nisley,* contra.

CORNISH, J.

The defendant, "for the consideration of a perpetual water right" to certain land, gave to the plaintiff the right to construct its irrigation canal over the land. Defendant has never exercised his right to the use of water provided for, and has refused to pay a maintenance fee of one dollar an acre, alleged to be the usual charge therefor. Plaintiff's action to recover the amount of the maintenance fee was dismissed by the trial court. Plaintiff appeals.

No water-right deed, providing for a maintenance fee, was made. It appears that before the contract was signed maintenance fee charges were talked about, but no agreement was reached. Under the written contract above described, we are of opinion that no liability arose against the defendant in favor of plaintiff for maintenance fees. Instead of taking cash for the right of way which the company got, he took by agreement the water right. It is said that if owners of water rights may, by nonuser, be relieved from maintenance fees, the public improvement itself might thereby be caused to go into decay. This is true, but we cannot assume such to be the fact under the issues in this case. The contract as written without provision for maintenance fees may have been a beneficial one for the private company operating the canal.

By statute in this state irrigation companies are made common carriers of water. They are not permitted to make excessive charges or discriminate between users. The defendant, as a user of water, must pay the same fees that others do. Whether the contract, as one permitting a water right without provision for use or maintenance fees, is or is likely to become an unfair burden upon other users of water, and is therefore discriminatory and void, is a question not involved in the issues presented.

AFFIRMED.

SEDGWICK, J., not sitting.