(February 10, 1923.)

E. D. REYNOLDS, Petitioner, v. NORTH SIDE CANAL COMPANY, LTD., a Corporation, and C. C. WIL-BURN, F. E. SAYRE, F. W. HASTINGS, A. F. Mc-CLOUD, H. E. HARRY, JOHN D. RIGNEY, GUY SAUNDERS, D. F. RAUM and ELMER RIEMAN, Directors of Said Corporation, Defendants.

[213 Pac. 344.]

CONTRACT BETWEEN IRRIGATION COMPANY AND SETTLER—CONTRACTUAL PROVISION FOR DEPRIVATION OF WATER ON DEFAULT IN PAYMENT OF ASSESSMENTS—PUBLIC POLICY—STATUTORY FORECLOSURE EX-CLUSIVE REMEDY—MANDAMUS.

1. A provision in a contract between an irrigation company and a settler providing: "It is agreed that no water shall be delivered to the purchaser from said irrigation system while any instalment of principal or interest is due and unpaid from the purchaser to the company or while any toll or assessment is due and unpaid from the purchaser to the company," is contrary to public policy and therefore unenforceable and void.

2. An irrigation company may require claimants of water from its irrigation system to pay or give reasonable security for the payment, in advance, for maintenance assessments, before it can be required to furnish the same to users. (C. S., sec. 5636.)

3. C. S., sec. 5631, gives a remedy for unpaid assessments to the irrigation company, by first lien upon the premises and the right to enforce the same by foreclosure. This remedy, coupled with the right to require payment or reasonable security for the payment of assessments, in advance (C. S., sec. 5636) furnishes ample and sufficient protection and works no injustice to the user or the company.

4. Under the provisions of art. 15, sec. 4, of the constitution and C. S., sec. 5556, *held*, that the irrigation company was without authority to withhold the delivery of water from a stockholder rightfully entitled thereto, on account of nonpayment of assessments due for past years, upon a tender of payment by

Publisher's Note.

4. *Mandamus* to enforce the right of a stockholder of a water company to water, see note in 24 L. R. A., N. S., 372.

him of the amount of assessment for the current year; and that delivery of water, upon proper demand therefor and tender of payment of assessment for the current year, may be compelled by writ of mandate.

Original *mandamus* proceeding to compel delivery of irrigation water. *Demurrer to petition overruled.*

Wm. A. Peters, for Plaintiff.

Whenever any waters have been dedicated to agricultural purposes the person entitled thereto shall not thereafter be deprived of the annual use of the same upon payment therefor. (Art. 15, sec. 4, Const.; C. S., sec. 5556.)

Any person or company operating irrigation works shall furnish water to any person owning or controlling land under such irrigation works upon a proper demand being made and reasonable security being given for the payment thereof. (C. S., sec. 5636.)

A Carey Act operating company is given a first and prior lien, except the lien of taxes, upon land on which water is used, for maintenance charged. (C. S., secs. 3039–3049.)

If a canal or ditch company fails to require payment or security for the delivery of water and furnishes water and the consumer fails to pay for same, the remedy is by a suit at law to enforce such payment and the company cannot by rule or regulation refuse to furnish such consumer with water until such arrearages are paid. (3 Kinney on Irrigation, 2508; *Shelby v. Farmers' etc. Co.,* 10 Ida. 723, 80 Pac. 222; *Crow v. San Joaquin etc. Co.,* 130 Cal. 309, 62 Pac. 562.)

It has always been the policy of the state of Idaho that no interruption in the delivery of water other than that expressly provided for by statute may be interposed to defeat the highest possible use of the public waters of the state. (*Adams v. Twin Falls-Oakley Land & Water Co.,* 29 Ida. 357, 161 Pac. 322.)

The provision of a Carey Act contract providing that no water shall be delivered while any toll or assessment is due or unpaid from the purchaser is invalid and void so far as

it provides for nondelivery of water for nonpayment of tolls or maintenance assessments levied in preceding years. It is valid as applied to payment of maintenance assessments for the current year. (*Parrott v. Twin Falls Salmon River Land & Water Co.,* 32 Ida. 759, 188 Pac. 451; *Shelby v. Farmers' Ditch Co., supra; Crow v. San Joaquin etc. Co., supra.*)

A. B. Barclay, E. A. Walters and R. P. Parry, for Defendants.

The defendant corporation is a mutual nonprofit-making corporation, having practically all of the characteristics of a co-operative association. The petitioner is demanding water only as a contract-holder, with the land and water company, or a stockholder of the defendant, or both.

The method of collection of which petitioner complains can be succinctly described as being merely an attempt by this defendant to collect, in the cheapest and most direct manner possible, the proportionate share chargeable to the lands of petitioner of the actual costs of making water available to said lands, during the past years.

There is no pretense made that the past due charges for the years 1919, 1920 and 1921, whose collection is resisted, are in any way unjust or unreasonable, or that the amount thereof is in dispute. The defendant is not attempting to enforce the payment of a disputed claim or to forfeit any rights of the petitioner. (*Hall v. Eagle Rock etc. Co.,* 5 Ida. 551, 51 Pac. 110; *Hobbs v. Twin Falls Canal Co.,* 24 Ida. 380, 133 Pac. 899.)

"By accepting the stock in the corporation every stockholder assents to the terms and conditions found in the articles." (*Dempster Mfg. Co. v. Downs,* 126 Iowa, 80, 106 Am. St. 340, 101 N. W. 735.)

One acquiring stock in a corporation is bound not only by the articles of incorporation, but also, and in the same way, by all duly and regularly adopted by-laws. (1 Fletcher's Ency. of Corporations, p. 1025, and cases cited; *Supreme Lodge etc. v. Price,* 27 Cal. App. 607, 150 Pac.

803; *People's Home Savings Bank v. Sadler*, 1 Cal. App. 189, 81 Pac. 1029; *Griffith v. Klamath Water Users Assn.*, 68 Or. 402, 137 Pac. 226; *People v. Ittmer*, 165 Ill. App. 360.)

As between a corporation and its stockholders and the stockholders themselves a by-law or resolution may be considered as a contract. (*Misenheimer v. Alexander*, 162 N. C. 226, 78 S. E. 161.)

Parties may, by contract, vary their statutory rights. (*Jackson v. Indian Creek Irr. Co.*, 16 Ida. 430, 101 Pac. 814; *Nampa & Meridian Irr. Co. v. Briggs*, 27 Ida. 84, 147 Pac. 75.)

Since the petition reveals no offer to pay or secure the payment of the charges incurred for the use of the water heretofore made available for petitioner's lands; since it shows no offer to comply with the admitted rules of the defendant; and since no allegation is made that these rules are unreasonable, the petition fails to meet the requirements which this court has declared to be essential in a petition of this character. (*Gerber v. Nampa etc. Irr. Dist.*, 16 Ida. 1, 100 Pac. 80.)

BUDGE, C. J.—This is a *mandamus* proceeding. The material allegations of fact contained in petitioner's affidavit are as follows: That petitioner acquired the legal title to certain lands in Jerome county, embodied in a Carey Act segregation; that the contract for the construction of an irrigation system was entered into between the state of Idaho and the Twin Falls North Side Land & Water Company; that the Carey Act company entered into a contract with L. M. Nelson, petitioner's predecessor, whereby it sold a water right to Nelson, evidenced by one share of the capital stock of the North Side Canal Company, Limited, for each acre of land covered by the contract; that each share of stock entitled the holder thereof to a supply of irrigation water at the maximum rate of flow of one-eightieth of a cubic foot of water per acre per second of time, with a proportionate interest in the rights, franchises and property

36 Idaho.—40

of the latter company; that the North Side Canal Company, Limited, was organized in accordance with the contract between the state of Idaho and the Twin Falls North Side Land & Water Company for the purpose of operating and maintaining such irrigation system, and was given, by virtue of that contract, the right to levy and assess tolls for such maintenance and operation; that it is a mutual non-profit-making corporation organized for the sole purpose of operating the irrigation system aforesaid and distributing the waters thereof for the use and benefit of its stockholders; that the amount levied by it each year as maintenance assessments is the proportionate share of the actual cost of operating and maintaining such irrigation system, and that such assessments are the sole and only source of income for operating and maintaining the system; that the defendants, other than the North Side Canal Company, Limited, are the directors of that company; that the lands of petitioner are arid and desert in character and require the artificial application of water for the production of ordinary agricultural crops thereon and that the Canal Company has, in prior years, furnished and delivered water for the growing of crops on said land and that crops were planted thereon on the 29th day of November, 1921, and crops are planted thereon at the present time and need water for irrigation, otherwise the crops will perish; that unless water is furnished crops cannot be grown thereon during the season of 1922; that on May 15, 1922, petitioner tendered to the Canal Company the sum of $34, and advised it that crops were then growing on the premises aforesaid and requested and demanded the delivery of water for the irrigation thereof during the season of 1922; that the amount tendered was the amount of the assessment levied for maintenance upon said premises during the season of 1922 which was due and payable April 1, 1922; that the Canal Company refused to accept said tender or to deliver water for said lands unless and until prior unpaid maintenance assessments were paid by petitioner.

Defendants demurred generally to the petition upon the ground that it failed to state facts sufficient to warrant the court in granting the relief sought.

The question therefore to be determined is, whether the North Side Canal Company, Limited, through its officers, can refuse to deliver water to a stockholder upon the payment or tender of payment by him of assessment levied for any current year on account of assessments for such maintenance being unpaid for previous years.

The contract now existing between petitioner and defendant company contains the following clause, upon which defendants rely:

"It is agreed that no water shall be delivered to the purchaser from said irrigation system while any instalment of principal or interest is due and unpaid from the purchaser to the company or while any toll or assessment is due and unpaid from the purchaser to the North Side Canal Company, Limited."

This particular clause in similar contracts has been before this court for consideration upon prior occasions. In the case of *Adams v. Twin Falls-Oakley Land & Water Co.*, 29 Ida. 357, 161 Pac. 322, it was held that that portion of the contract which provides that no water shall be delivered to the purchaser from said irrigation system while any instalment of principal or interest is due and unpaid from the purchaser to the company was illegal and void. In the case of *Shelby v. Farmers' Co-operative Ditch Co.*, 10 Ida. 723, 80 Pac. 222, it was held that that portion of the contract which provides that no water shall be delivered to the purchaser from said irrigation system while any tolls or assessments are due and unpaid from the purchaser to the company was illegal and void. In the course of that opinion this court makes the following pertinent observation:

"If the defendant corporation permitted appellant to fall in arrears . . . . in the payment of his proportion of the maintenance and operating expenses of the canal, the statute gave it a remedy, and instead of threatening to shut off the water for the next year or any other time in

the future, it should have followed the remedy pointed out by the statute. It is ample and sufficient for the full protection of any company, corporation or person operating a ditch or canal in this state, and if rightly enforced does not work any injustice to the user, and yet guarantees the payment of all water dues from the consumer.''

See also to the same effect: *Crow v. San Joaquin & K. R. Canal & Irr. Co.,* 130 Cal. 309, 62 Pac. 562.

The defendant company had ·the power, under its contract with the petitioner and under the statutes, to levy the assessments for maintenance and the further power to withhold the delivery of water until the assessment for the current year was paid or reasonable security given for payment thereof (C. S., sec. 5636), but under the provisions of article 15, sec. 4, of the constitution and C. S., sec. 5556, was without authority to withhold the delivery of water on account of nonpayment of past due assessments. (*Parrott v. Twin Falls Salmon River Land & Water Co.,* 32 Ida. 759, 188 Pac. 451.)

In our opinion the petitioner is entitled to the relief sought and to recover costs of this proceeding.

McCarthy and Dunn, JJ., concur.