(April 12, 1924.)

J. L. ROGERS and W. H. THOMAS, Respondents, v. C. D. THOMAS and L. C. FAULKNER, a Copartnership Doing Business Under the Firm Name and Style of C. D. THOMAS & COMPANY, and HERMAN H. THIEME, Appellants.

[226 Pac. 165.]

WATERS AND WATERCOURSES—IRRIGATION—WATER RIGHTS—CONTRACTS FOR—CAREY ACT COMPANIES — DELINQUENT PAYMENTS — REMEDY FOR—STATUTES—SCHOOL LANDS—FORFEITURE CLAUSE IN CONTRACT.

1. The remedy provided by the statute for the enforcement of delinquent payments by a Carey Act company upon a contract for a water right is exclusive.

2. The provision in a contract between a Carey Act company and a settler upon school land, empowering the company, upon a failure by the settler to make the required payments, to declare a forfeiture of the contract and all payments theretofore made, is void.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. William A. Babcock, Judge.

Action for restitution of water rights forfeited for default in payments under contract to purchase. Judgment for plaintiffs. *Affirmed.*

Sweeley & Sweeley, for Appellants.

The provisions of the contract entered into between the Twin Falls Land & Water Co. and the appellant W. H. Thomas for the forfeiture of the contract for a failure of the purchaser to pay the contract price are valid and enforceable. (*Machold v. Farnan,* 14 Ida. 258, 94 Pac. 170; *Prairie Development Co. v. Leiberg,* 15 Ida. 379, 98 Pac. 616; *Jarrett v. Prosser,* 23 Ida. 382, 130 Pac. 376; *Hall v. Yaryan,* 25 Ida. 470, 138 Pac. 339; 10 R. C. L. 331, sec. 78; *Sullivan v. Burcaw,* 35 Ida. 755, 208 Pac. 841.)

The declaring of a forfeiture is not a rescission of the contract. (*Francis v. Shrader,* 38 Cal. App. 592, 177 Pac. 168; *Machold v. Farnan, supra.*)

James H. Wise, for Respondents.

There is only one method for the foreclosure of real estate in Idaho, and that is foreclosure through the courts of this state, which was not done in this case. (*Idaho Irr. Co. v. County of Lincoln,* 28 Ida. 98, 152 Pac. 1058.)

The statutory procedure constitutes an exclusive remedy. (*Adams v. Twin Falls-Oakley Land & Water Co.,* 29 Ida. 357, 161 Pac. 322.)

WM. E. LEE, J.—On April 12, 1909, the Twin Falls Land & Water Company entered into a contract in writing with W. H. Thomas, who had theretofore contracted with the state for the purchase of forty acres of school land, wherein and whereby the company sold and Thomas purchased forty shares of water rights in the dam and canal system constructed by the company, each share of which entitled the purchaser to a supply of irrigating water amounting to a flow of one-eightieth of a second-foot per acre. $124 was paid upon the purchase price, and the balance of $496 was to be paid in subsequent instalments. The purchaser thereafter assigned an "undivided one-half" of the water contract to J. L. Rogers, and they are hereinafter referred to as respondents.

Two remedies were specified in the contract by which to enforce payment of the balance of the purchase price of the water right, and it was agreed that the time for making the deferred payments was of the essence of the contract. It was provided that in the event any payment remained unpaid for thirty days after it became due, the company could, by registered letter, notify the purchaser of the amount due, and that unless the same was paid within sixty days after the date of mailing the notice, the company could declare all rights of the purchaser in and to the water right and all the moneys theretofore paid on the contract forfeited; and that if upon the expiration of sixty days thereafter, the purchaser was still in default on any such payment, the company could declare such forfeiture by certificate in writing duly acknowledged and recorded. It was further provided that the company, in case of default, might proceed to foreclose the water contract in the manner that mortgages on real estate are foreclosed. The contract between the company and the purchaser provided that it was made in accordance with the provisions of the contract between the state and the company, which, "together with the laws of the state of Idaho under which this agreement is made, shall be regarded as defining the rights of the respective parties. . . . . "

On June 2, 1916, there was due on the contract with the company the sum of $195, and on that date the company assigned the water contract to C. D. Thomas & Company, whose rights are to be measured by the rights possessed by the water company. Thereafter, Thomas & Company notified respondents that the contract had been assigned to them, that certain due payments had not been made, that the indebtedness was more than thirty days past due, and that unless it was paid within sixty days, the water contract and all respondents' interest in the money already paid thereunder would be declared forfeited. The indebtedness was not paid within the sixty days, and Thomas & Company thereafter filed a certificate of forfeiture. On August 17, 1919, respondents tendered to Thomas & Company the sum

of $373.42, which seems to have been the total balance due on the water contract, but the tender was refused. Prior to the commencement of this action, Thomas & Company conveyed 8.83 shares of the water right in question to Herman H. Thieme, who with Thomas & Company is appellant herein.

This action was instituted for the purpose of securing a restitution of the water rights under the contract and for damages. The parties entered into a stipulation of facts, · upon which the court made findings of fact and conclusions of law and entered judgment in favor of respondents and against appellants, awarding respondents restitution of the water contract, or, in lieu thereof, judgment in the sum of $635.63. It is from this judgment that this appeal is prosecuted.

Appellants contend that the right reserved to the company to declare a forfeiture of the contract upon the failure of the purchaser to make stipulated payments when due is such a right as may be the subject of agreement and is enforceable. On the contrary, respondents urge that the statute prescribes the course to be followed by Carey Act companies upon the failure of a purchaser of water rights to make the required payments, that the remedy provided by the statute is exclusive, and that it has been so held by this court in the case of *Adams v. Twin Falls-Oakley Land & Water Co.*, 29 Ida. 357, 161 Pac. 322.

In the Adams case, the court construed a contract between a Carey Act company and a settler, and held that a provision in the contract giving the company the right to discontinue the furnishing of water to a settler because of his failure to pay instalments due on the contract for the purchase of the water rights was void, and that the statute furnished an exclusive remedy for the foreclosure of the lien for the payment of such charges. (*Reynolds v. North Side Canal Co.*, 36 Ida. 622, 213 Pac. 344; *Sanderson v. Salmon River Canal Co.*, 34 Ida. 145, 199 Pac. 999; *Parrott v. Twin Falls etc. Co.*, 32 Ida. 759, 188 Pac. 451.) The question before the court in the Adams case was not the

exact question here presented, and counsel for appellants contend that the fact that this was school land is sufficient to distinguish the Adams case from the one at bar. We are of the opinion, however, that the reasoning of the court in that case is applicable to the facts in this case. Here the assignee of the company, upon the failure of the purchaser to make the stipulated payments on his water contract, instead of shutting off the water, as was done in the Adams case, took advantage of another section of the contract, and declared a forfeiture of respondents' rights in the contract and of all payments theretofore made. The statute neither provides for turning off the water in such case, nor for declaring a forfeiture. In the Adams case, it was held that the provision of the contract for denying water to the user for a failure to make payments upon the water contract was void, the statute having provided a remedy in such case. The statute has provided the same remedy in this case for a failure to make the required payments, and it would seem that under the rule announced in the Adams case, and since reiterated, the forfeiture provision in this contract is void.

Appellants contend that because there is no obligation on the part of a purchaser of school land within the boundaries of a Carey Act project to reclaim such lands, it is of no interest to the state, nor is it against public policy, for a canal company to refuse to deliver water, or to forfeit a contract to deliver water, as the rights of the state are in no manner involved. C. S., sec. 5556, applies to all the waters and all the irrigable lands within this state, and, with respect to its terms, no distinction can be made between Carey Act lands and school lands. The following concluding lines of that section fully answer the contention of appellants:

" . . . . The right to continue the use of any such water shall never be denied or prevented from any other cause than the failure on the part of the user thereof to pay the ordinary charges or assessments which may be made to cover the expenses for the delivery of such water."

Furthermore, we are not called upon here to decide whether such a company can refuse to sell a water right to a purchaser of school land. The company made a contract with this purchaser of school land, upon which contract payments were made and water was furnished. No provision of the statute has been brought to our attention which authorizes a Carey Act company to sell water to a settler upon government land on a different basis than to a settler on school land, and no sound reason is apparent why the company would have a different remedy in dealing with one who has defaulted than with the other. And it would seem reasonable and just to hold that, even though a Carey Act company might not be compelled to sell a water right to a purchaser of school land, where such a water right is sold and payments are made thereon, the company should, in case of default in a payment, pursue the remedy provided by law. The law of this state gives the company a lien upon the water right, and provides how the lien shall be foreclosed. Instead of foreclosing the lien in the manner provided by law, a forfeiture was declared and the rights granted by the statute as to redemption, etc., were attempted to be taken away. Such rights are humane in character and were created in the interest of the public welfare. The company was permitted to exist for the purpose of constructing an irrigation enterprise. It had no other powers than those given it by law. The law permitted it to dispose of rights in and to the state's water, gave it a lien on the water rights to recompense it for its outlay in the construction of the enterprise, and provided a remedy by which it could enforce payments for water rights. In the Adams case, this court held that the remedy provided by law was exclusive. No valid reason has been suggested why the same rule should not apply to the enforcement of payments for a water right for school lands within the project.

Judgment affirmed. Costs to respondents.

McCarthy, C. J., and Budge, J., concur.

Petition for rehearing denied.