Argued at Pendleton October 29, 1924, affirmed May 26, objections
to cost bill overruled July 14, 1925.

# P. R. SEARS ET AL. *v.* ORCHARDS WATER COMPANY.

### (236 Pac. 502; 237 Pac. 1118.)

**Waters and Watercourses—Assessments for Maintenance of Irrigation System Legally Levied by Directors of Water Company.**

1.   Assessments, levied for maintenance of irrigation system by directors of water company, as authorized by articles of incorporation and by-laws, are legal; management of corporation being fixed in board of directors by Section 6867, Or. L.

**Waters and Watercourses—Minority Stockholders Bound by Directors' Acceptance of Transfer of Irrigation System and Ratification Thereof at Stockholders' Meeting.**

2.   Minority stockholders of corporation *held* bound by board of directors' acceptance of transfer or irrigation system and ratification thereof at stockholders' meeting, regularly called and held.

**Waters and Watercourses—Validity of Corporation's Acceptance of Tranfer of Irrigation System not Considered in Suit to Enjoin Collection of Excessive Maintenance Assessment on Stockholders.**

3.   Consideration of validity of corporation's acceptance of transfer of irrigation system *held* not warranted by plaintiff's allegations in suit to enjoin it from collecting excessive maintenance assessment on stockholders.

**Waters and Watercourses—Minority Stockholders Held to have Recognized Water Company's Authority to Make Assessment for Maintenance of Irrigation System.**

4.   Minority stockholders of corporation recognized its authority to make assessment for maintenance of irrigation system transferred to it by tendering smaller amount per acre than assessment made.

**Waters and Watercourses—Whether Irrigation System was Completed Before Transfer, as Required by Contract, not Considered in Minority Stockholders' Suit to Enjoin Transferee Corporation from Collecting Excessive Maintenance Assessment.**

5.   For court to consider whether irrigation system was completed when transferred to holding corporation, as provided in contract, it should be presented directly by suit instituted for such purpose, and not in suit by minority stockholders of holding corporation, to enjoin it from collecting excessive maintenance assessment.

1.   Right of corporation to assess stock, see note in 76 **Am. St. Rep.** 126.   See, also, 7 **R. C. L.** 212.

2.   See 7 **R. C. L.** 307.

Waters and Watercourses — Assessment Against Stockholders by Water Company for Maintenance of Irrigation System Transferred to It must Stand Until Set Aside.

6.   While directors of water company, accepting transfer of irrigation system for maintenance and distribution of water to purchasers from irrigation company making transfer, under contract requiring issuance of stock in water company to them, were trustees for vendees and successors in interest of irrigation company, and hence obligated to conduct water company's affairs for their benefit as stockholders, maintenance assessment levied by directors must stand until transfer and levy of assessment is set aside.

Waters and Watercourses—Court will not Substitute Its Judgment for That of Directors of Water Company, as to Amount of Assessment on Stockholders for Maintenance of Irrigation System.

7.   Court will not substitute its judgment for that of directors of corporation, as to amount of assessment to be levied on stockholders for maintenance of irrigation system transferred to it, but will interfere with directors' control of corporate affairs only if they exceeded their authority or acted fraudulently, and then only in proceedings instituted for express purpose of annulling their acts.

Waters and Watercourses—Purchasers of Land from Irrigation Company Held Entitled to Water Before Diversion of Any to Land of Irrigation Company's Proprietary Successors in Interest.

8.   Purchasers of land and appurtenant water rights from irrigation company *held* entitled to amount of water called for by contracts before diversion of any water, adjudicated to irrigation company, to land of latter's proprietary successors in interest, whether or not entire acreage of irrigation system was reclaimed before date set by decree, as such successor could otherwise take advantage of its own wrong, which equity will not permit.

Waters and Watercourses—Water Appurtenant to Tract Need not be Applied to Every Acre, but cannot be Used on Detached Tract Without Approval of State Water Board.

9.   Water appurtenant to specified tract need not be applied to every acre thereof annually, if used beneficially without waste, but, under Sections 5744, 5754, 5764, Or. L., cannot be used on detached tract, though owned by same person, without approval of State Water Board.

Waters and Watercourses—Courts Diligent to Protect Rights of Minority Stockholders Only When Suit is Instituted for Purpose.

10.   Courts of equity will be diligent to protect rights of minority stockholders, only when suit is properly instituted for such purpose, not in suit by them to enjoin collection of alleged excessive fee,

8.   See 27 R. C. L. 1252.

9.   Riparian proprietor's right to use water for irrigation, see notes in 20 Am. St. Rep. 225; 17 Ann. Cas. 829. See, also, 27 R. C. L. 1279.

levied by directors of water company, with approval of majority stockholders, for maintenance of irrigation system transferred to corporation.

See (1) 14 C. J. 555; 40 Cyc. 826.   (2) 40 Cyc. 826.   (3) 40 Cyc. 826.   (4) 40 Cyc. 826.   (5) 40 Cyc. 826.   (6) 14 C. J. 97, 98; 40 Cyc. 826.   (7) 14 C. J. 84.   (8) 40 Cyc. 834.   (9) 40 Cyc. 834.   (10) 14 C. J. 851; 40 Cyc. 826.

From Malheur: DALTON BIGGS, Judge.

In Banc.

This is a suit to enjoin the defendant from collecting an alleged excessive assessment on its stockholders by withholding water for irrigation purposes. For a statement of the facts out of which the suit has grown, see *In re Matter of the Determination of the Relative Rights to the Waters of Willow Creek*, decided this day. Also same case, 74 Or. 592 (144 Pac. 505, 146 Pac. 475).

The management of the defendant corporation was transferred from the Moline Farms Company, the successor in interest of the Willow River Land and Irrigation Company, in 1919, to the stockholders of the defendant corporation. The defendant corporation was awarded a decree by the Circuit Court. The plaintiffs appeal, basing their appeal on three separate grounds, to wit: (1) It is claimed by appellants that the system was not completed as required by the contract between the Orchards Water Company and the Willow River Land and Irrigation Company, entered into in 1910, at the time of said transfer. (2) That the defendant should not be permitted to withhold water from its stockholders because of alleged delinquent assessments. (3) That the plaintiffs are entitled to two acre-feet of water for every acre of land described in their contracts with the defendant, notwithstanding the fact that less than the

entire acreage described therein was given a water right of the State Water Board.

All of these claims on the part of the plaintiffs are contested by the defendant.        AFFIRMED.

For appellants there was a brief over the name of *Messrs. Nichols, Hallock & Donald,* with an oral argument by *Mr. Nichols.*

For respondent there was a brief over the names of *Mr. George E. Davis* and *Mr. H. M. Coke,* with an oral argument by *Mr. Coke.*

COSHOW, J.—1-4. The assessments complained of by the plaintiffs were legally levied by the directors of the defendant corporation. The articles of incorporation and its by-laws authorize the corporation to levy the assessments for the maintenance of the irrigation system. By the laws of this state the management of a corporation is fixed in the board of directors: Or. L., § 6867. This is also the general law: 14-A C. J. 354, § 2216. The directors of the defendant corporation accepted the transfer of the irrigation system in 1919. Thereafter, at a meeting of the stockholders thereof, regularly called and held, this action of the directors was confirmed. The plaintiffs, as stockholders of the defendant corporation, are, therefore, bound by the action of the board of directors and the ratification thereof by the stockholders. The issues framed by the plaintiffs in this suit do not include allegations sufficient to warrant the court inquiring into the legality or validity of the act of the defendant corporation in accepting the transfer of the irrigation system: *Baillie* v. *Columbia Gold Mining Co.,* 86 Or. 1 (166 Pac. 965, 167 Pac. 1167); 6 Fletcher's Cyc. Corp., §§ 4025-4053. The prayer of the complaint does not invoke a decree annulling or avoiding the act of the defendant

corporation accepting the irrigation system. The plaintiffs tendered the amount of $1.50 per acre, thereby recognizing the authority of the corporation to make an assessment. The assessment made was $2.50 per acre. To uphold the contention of the plaintiffs would be to substitute the judgment of the minority stockholders for the judgment of the directors, ratified by a majority of the stockholders. This would not be lawful.

5. The Circuit Court correctly refused to decide the question of whether or not the irrigation system was completed in 1919 when the transfer was made. The original contract between the Willow River Land and Irrigation Company and the Orchards Water Company provided that the system should be completed before it should be transferred to the defendant corporation. In order for the court, however, to take cognizance of that question, as well as the act of the corporation accepting the transfer, it should be presented directly by a suit instituted for that purpose, since the plaintiffs are bound by it: 14-A C. J. 83, 84, § 1843; *Budd* v. *Multnomah Street Ry. Co.,* 15 Or. 416 (15 Pac. 659, 3 Am. St. Rep. 169); *Stanley* v. *Luse,* 36 Or. 25 (58 Pac. 75).

6, 7. By the terms of the contract between the plaintiffs and the defendant corporation, the latter may withhold the supply of water until the maintenance charge shall have been paid. In this suit the plaintiffs claim that a part of the assessment was for prior indebtedness of the plaintiffs to the defendant. Plaintiffs admit the authority of the defendant to levy assessments for the maintenance of the irrigation system and the right of the defendant to withhold water until current assessments are paid, but denies the right of the defendant to withhold water for past indebtedness. In this contention the appellants are supported by respectable authority: *Shelby*

v. *Farmers' Ditch Co.*, 10 Idaho, 723 (80 Pac. 222);
*Adams* v. *Twin Falls Co.*, 29 Idaho, 357 (161 Pac. 322);
*Reynolds* v. *North Side Canal Co.*, 36 Idaho, 622 (213
Pac. 344). It is not disputed by the appellants that
the entire assessment levied by the defendant corpora-
tion is a maintenance charge. They contend, how-
ever, that the extra assessment was made necessary
by the incomplete condition of the irrigation system
at the time the transfer was made. A large amount
of testimony was adduced by appellants to support
that contention. We have held, in the Willow River
case decided this day, that it was the duty of the
Moline Farms Company, as the successors in interest
of the Willow River Land and Irrigation Company,
to maintain the system until it was transferred to
the defendant corporation. The obligation of the
Moline Farms Company in this regard was the same
as the obligation of the Irrigation Company defined
in its contract with the defendant corporation. The
directors of the Orchards Water Company were
trustees for the vendees of the Irrigation Company
and its successors in interest, and as such were obli-
gated to conduct the affairs of the Orchards Water
Company, defendant corporation, for the benefit of
the stockholders thereof: *Baillie* v. *Columbia Gold
Mining Co.*, 86 Or. 1, 24 (166 Pac. 965, 167 Pac.
1167); *Corbett* v. *Woodward*, 5 Sawy. 403 (Fed.
Cas. No. 3223); 14a C. J. 97, § 1866. Until the
action of the defendant corporation accepting the
transfer of the irrigation system has been set aside,
however, the assessment complained of must stand.
It was the duty of the directors of the defendant
corporation to levy the assessment: *Harvey* v. *Camp-
bell*, 107 Or. 373, 438 (209 Pac. 107, 214 Pac. 348).
The stockholders of the defendant corporation are
lawfully obligated to pay the assessment complained

of unless the action of the board of directors in making the levy shall have been set aside. No proceeding has been instituted to set aside that assessment. This suit was instituted to enjoin the collection of the assessment by shutting off the water because they claimed the assessment to be excessive. The court will not substitute its judgment for the judgment of the directors of the corporation. It is only where the directors have exceeded their authority or have acted fraudulently that the courts will interfere with the authority of the board of directors to control the affairs of a corporation, and then only in a proceeding instituted for the express purpose of annulling the unlawful or fraudulent acts of the directors.

8. We have held in the Willow Creek case, this day decided, that the plaintiffs are entitled to have made appurtenant to the several tracts of land two acre-feet of water by the defendant corporation for every acre described in their contracts, whether or not the entire acreage was reclaimed prior to January 1, 1918. The reason for this decision is fully stated in our opinion in the Willow Creek case. The Moline Farms Company had no right to divert to its own land any of the water adjudicated to the Willow River Land and Irrigation Company until it had fully supplied the quantity of water sold to the purchasers of the Irrigation Company. By unlawfully diverting to its own land large quantities of the limited supply of water prior to 1918, the Moline Farms Company prevented the plaintiffs, and others similarly situated, from reclaiming the entire acreage sold to them by the Irrigation Company or its successors, with water rights appurtenant. To hold now that the plaintiffs are not entitled to the water because it was not utilized prior to January 1, 1918,

is to award to the Moline Farms Company and its successors water sold by it and its predecessors in interest to the appellants. The effect of such a decision would be to permit the Moline Farms Company to take advantage of its own wrong. This equity will not permit.

9. But we did not intend to authorize any person to change a water right from one tract of land to another not contiguous. The law forbids that: Or. L., §§ 5744, 5754; *Squaw Creek Irr. Dist.* v. *Mamero et al.,* 107 Or. 291 (214 Pac. 889); *Central Oregon Irr. Co.* v. *Public Service Com.,* 101 Or. 442, 457 (196 Pac. 832, 15 A. L. R. 1216). Our statute provides for a change of the use of water, but such change must be approved by the State Water Board. It is not the intention of the law to require the application of the water awarded to a forty-acre tract to be applied to each and every acre of that tract each year. The principal object of the Water Code is to require water appropriated to be used beneficially without waste. Different seasons require a different quantity of water. Different crops require different quantities of water. As long, therefore, as a water right appurtenant to a specified tract is used beneficially and without waste, it is immaterial whether or not the water is spread all over the entire tract or only a part thereof. But water made appurtenant to one tract cannot be lawfully used on a detached tract, even though owned by the same person, without the approval of the State Water Board: Or. L., § 5764.

10. Courts of equity will be diligent to protect the rights of minority stockholders when a suit has been properly instituted for that purpose: 14–A C. J. 694; 6 Fletcher, Cyc. Corp., §§ 3998, 4053, pp. 6872–6873;

Rights of Minority Stockholders, Harvey, pp. 63, 74, 78, 79. But this suit was not instituted for that purpose, nor prays for that result.

Finding no error in the decree appealed from, it is affirmed.                              AFFIRMED.

Mr. Justice BELT, not having heard the argument, took no part in this decision.

---

Objections to cost bill overruled July 14, 1925.

ON OBJECTIONS TO COST BILL.

(237 Pac. 1118.)

*Messrs. Nichols, Hallock & Donald,* for the objections.

*Mr. George E. Davis* and *Mr. H. M. Cake, contra.*

PER CURIAM.—The appellants have objected to the cost bill of the defendant Orchards Water Company. No objection is made to any particular item but to the entire cost bill. The contention of the appellants is that no costs or disbursements should be allowed to the respondents because it is inequitable to do so. Section 567, Oregon Laws, provides that the costs shall follow the event of the suit, unless the court directs otherwise. The respondent was, therefore, justified in filing its bill of costs and disbursements. We think it is entitled to recover from the appellants the amount claimed in its cost bill, and it is so ordered.                    COSTS TAXED.