THIRTY MILE CANAL COMPANY, A CORPORATION, APPELLANT, V. CLAY B. CARSKADON ET AL., APPELLEES.

70 N. W. 2d 432

Filed May 27, 1955. No. 33740.

*W. A. Stewart,* for appellant.

*Beatty, Clarke, Murphy & Morgan,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is a suit by the Thirty Mile Canal Company, a

corporation, to foreclose certain liens against 100 acres of the lands of the defendants for maintenance and storage water charges for the years 1946 to 1952, inclusive, in the total amount of $1,350 and interest. The defendants denied the authority of the canal company to make valid levies and assessments against their lands, or that it acquired any lien on their lands in any amount. The trial court found for defendants and the plaintiff canal company appeals.

The canal company came into existence by the adoption of articles of incorporation on October 22, 1926. It is a mutual irrigation company organized under the provisions of sections 46-269 to 46-271, R. R. S. 1943. It derives no revenue from its operation and conducts its business solely for the purpose of irrigating the lands of its members and stockholders. Section 46-269, R. R. S. 1943, provides: "Any corporation or association organized under the laws of this state for the purpose of constructing and operating canals, reservoirs, and other works for irrigation purposes, and deriving no revenue from their operation, shall be termed a mutual irrigation company, and any by-laws adopted by such company, not in conflict herewith, shall be deemed lawful and so recognized by the courts of this state; Provided, such by-laws do not impair the rights of one shareholder over another."

Article III of the articles of incorporation provides as follows insofar as it relates to the issue before us: "Shares of stock, water rights or right to use water from any canal or canals owned or operated by the Corporation shall be sold only to owners of land to which the water of such canal or canals can be applied, * * *. The shares of stock shall be represented by Certificates * * * and shall designate the number of shares of stock to which the holder of the certificate is entitled, and the correct description of the land to which such water shall be applied, and the certificate and rights of the holder thereunder shall not be transfered (trans-

ferred) to anyone not the owner of the land described in said certificate. * * * The failure or refusal of such a purchaser of land described in an outstanding certificate to have the shares of stock in such certificate represented, transferred to him, shall not deprive the corporation of its authority to make levies for the maintenance of the canals and works and enforce payment of the same as hereinafter provided, nor shall such failure or refusal prevent such levies from becoming liens upon said lands, it being thereby definitely and distinctly declared and understood and agreed that the ownership of stock shall follow the ownership of the land described in the certificate, and shall pass by deed, mortgage or other conveyance, voluntary or otherwise, to the grantee therein named, without mention of that fact or reference thereto, in the conveyance, provided, however than (that) an owner of land shall not be entitled to have such stock certificate transferred to him, so long as there shall remain unpaid any levy for maintenance made as hereinafter provided against the land described in his certificate of stock which is sought to be transferred."

In Article IV of its articles of incorporation it is provided in part: "The Board of Directors shall at its first regular meeting in each year * * * make an estimate of the amount of money necessary for the maintaining, operating and keeping in repair all of its works for one year following * * * and after such estimate shall have been entered upon the record book of the corporation, the Board of Directors shall make and enter upon its record book a levy upon lands described. in each certificiate (certificate) of stock outstanding * * * considering the number of acres of land described in such certificates, and the total number of acres described in all certificates outstanding; * * * and such annual levies and interest so made upon the lands under the provisions of these Articles, shall be and constitute separately and severally perpetual liens upon the lands

against which the same are levied to secure the payment of the same, * * * and may foreclose the same in the same manner as mortgages are foreclosed under the laws of this State, and shall also constitute a personal debt against the owner of the land * * *; and such annual levies are to be made against the lands described in outstanding certificates and the payment thereof enforced as herein provided, whether the owner of the lands take water from the canal or not; nor can the owner of such lands surrender his stock or sell or dispose of the same and thereby divest the land of the lien for levies made hereunder against it."

The defendants urge that the foregoing provisions of plaintiff's articles of incorporation as they relate to the creation of liens on the land and the personal obligation of the landowner to pay assessments for necessary running expenses is in conflict with section 46-271, R. R. S. 1943, and therefore of no force and effect. The latter statute provides: "Any corporation or association organized under the laws of this state for the purpose of constructing or operating canals, reservoirs or other works for irrigation purposes may, through its board of directors or trustees, assess the shares, stock or interest of the stockholders thereof for the purpose of obtaining funds to defray the necessary running expenses. Any assessments levied under the provisions of this section shall become and be a lien upon the stock or interest so assessed. Such assessments shall, if not paid, become delinquent at the expiration of sixty days, and the stock or interest may be sold at public sale to satisfy such lien. Notice of such sale shall be published for four consecutive weeks prior thereto, in some newspaper published and of general circulation in the county where the office of the company is located. Upon the date mentioned in the advertisement, or upon the date to which the sale may have been adjourned, such stock, or interest, or so much thereof as may be

necessary to satisfy such lien and costs, shall be sold to the highest bidder for cash."

It is the contention of the defendants that section 46-271, R. R. S. 1943, provides the only method to enforce the collection of assessments levied for necessary running expenses, and that the attempt to create personal liability for such assessments and to make them a lien upon the lands of the stockholders by suitable language in the articles of incorporation of the canal company is wholly ineffectual to accomplish that purpose. In this respect we point out that the plaintiff is a private corporation existing at the will of the Legislature and having only such powers as are conferred upon it by statute. The statute authorizes a mutual canal company to levy assessments for the purpose of operating a canal or other works for irrigation purposes, and to assess the shares, stock, or interest of the stockholders to defray the cost thereof. Any assessments so levied become a lien upon the stock or interest assessed. Provision is made for the foreclosure of the lien thus provided. No other method of enforcement is provided by the statute. We are in accord with the contentions of the defendants that section 46-271, R. R. S. 1943, provides the exclusive method of raising money and enforcing its payment for the operation of the company. The attempt on the part of the company through its articles of incorporation to create and enforce a lien against the lands of a water user constitutes the exercise of a power not granted by statute and, necessarily, is in conflict with the statute providing the method of enforcing payment.

In Omaha Nat. Bank v. West Lawn Mausoleum Assn., 158 Neb. 412, 63 N. W. 2d 504, we said: "The powers of a corporation organized under legislative statutes are such, and such only, as the statutes confer. The charter of a corporation is a measure of its powers, and the enumeration of these powers implies exclusion of all others." This means that a corporation has only

such powers as the statute gives it, and these to the extent they have not been limited by its articles of incorporation. But the attempt to provide in its articles of incorporation for the exercise of a power not authorized by the statute under which it is organized is ineffectual for any purpose. In Laier v. South Side Irr. Co., 130 Neb. 713, 266 N. W. 428, we held: "The Constitution and laws of the state relating to irrigation and the use of the water of the streams for that purpose form a part of a contract for the use of such water and the maintenance of irrigation works." This principle has application to the present case.

It seems clear to us that the Legislature never intended that a mutual canal company should have the right to a lien for delinquent water and maintenance assessments upon the lands of the stockholder and be entitled to sell such lands to collect delinquent assessments; nor does it appear to have intended that personal liability should exist for their payment. It is clear that the canal company was limited to a lien on the shares, stock, or interest of the delinquent stockholder in the corporation for the collection of delinquent assessments. This is not, however, in contravention of the right of the canal company to provide in its articles of incorporation or by-laws that water and maintenance assessments must be paid as a condition precedent to the right of a stockholder to receive water to irrigate his lands. Swanger v. Porter, 87 Neb. 764, 128 N. W. 516.

The same principle appears to have been followed in Payette-Oregon Slope Irr. Dist. v. Coughanour, 162 Ore. 458, 91 P. 2d 526. While that case involved the statutory powers of an irrigation district as distinguished from a private mutual canal company, the rules of statutory construction are the same. The court there said: "The plaintiff irrigation district, a quasi-municipal corporation, is a creature of the statute and possesses only those powers expressly or impliedly granted to it by

the legislature. It is also fundamental that the powers thus granted must be exercised in substantial compliance with the mode specified in the statute. The legislature having prescribed the method and manner of levying assessments, it follows that it must not be exercised in any other manner. As stated \* \* \* 'when the mode of the exercise of the power is prescribed, and the same is a condition precedent to the exercise of the particular power, the mode becomes the measure of the power, and any essential deviation therefrom renders the act void and ineffectual.' "

In Rogers v. Thomas, 38 Idaho 802, 226 P. 165, the same principle was applied, the court using the following language: "It had no other powers than those given it by law. The law permitted it to dispose of rights in and to the state's water, gave it a lien on the water rights to recompense it for its outlay in the construction of the enterprise, and provided a remedy by which it could enforce payments for water rights. In the Adams case this court held that the remedy provided by law was exclusive. No valid reason has been suggested why the same rule should not apply to the enforcement of payments for a water right for school lands within the project."

It will be observed that section 46-269, R. R. S. 1943, provides in part that "any by-laws adopted by such company, not in conflict herewith, shall be deemed lawful and so recognized by the courts of this state." It seems to us that this evidences a legislative intent that the remedy provided therein was to be exclusive, and not cumulative; otherwise there would have been no reason to expressly use the words "not in conflict herewith." The right to levy assessments against the shares, stock, or interest of the stockholders of the corporation to obtain funds to defray necessary running expenses is a right clearly authorized by the statute and any other method materially different from that

set forth in the statute is in conflict with it and outside the powers of the corporation.

We necessarily conclude that the plaintiff was without authority to make such assessments a lien on a stockholder's lands, or to impose personal liability for their payment. The suit to foreclose the lien against the lands of the defendants must necessarily fail. The trial court was correct in dismissing plaintiff's suit and each cause of action thereof. The judgment is therefore affirmed.

AFFIRMED.